**FURR'S SUPERMARKETS, Appellant,**

v.

**John PATINO, Appellee.**

No. 6302.

Court of Civil Appeals of Texas, El Paso.

Jan. 31, 1973.

**450**

Kemp, Smith, White, Duncan & Hammond, Joe Lea, Jr., El Paso, for appellant.

Harold Duncan, El Paso, for appellee.

## OPINION

RAMSEY, Chief Justice.

This is a venue case, John Patino, Plaintiff-Appellee, brought suit against Furr's Supermarkets, Defendant-Appellant, for injuries sustained on Defendant's premises. Defendant's plea of privilege was overruled. We reverse and remand.

Defendant's two points of error are directed to the legal insufficiency of Plaintiff's controverting affidavit and the Court's error in permitting the introduction of evidence at the hearing over Defendant's objections.

█ The Defendant's objections to the controverting affidavit are well taken in that the affidavit merely states the exception relied on in the venue statute and that the cause of action is based on negligence. The affidavit does not comply with Rule 86, Texas Rules of Civil Procedure, in setting out the specific grounds nor does it incorporate Plaintiff's pleadings. Plaintiff's controverting affidavit is obviously defective in not complying with Rule 86, supra.

█ Plaintiff's single counter-point asserts the correctness of the Court's ruling in view of the Defendant's failure to comply with Rule 90, T.R.C.P. At the time of the hearing, both parties announced ready. Upon presentation of Plaintiff's evidence, the Defendant promptly objected to the introduction of any evidence and pointed out the deficiency in the controverting affidavit as legal conclusions. The pleadings here, however, would be curable by amendment. McDonald, Texas Civil Practice, Vol. 1, Sec. 4.50, p. 602. In view of the Defendant's repeated objections in the trial Court, it cannot be said that the issues were tried by implied consent. However, Defendant was remiss in its failure to comply with Rule 90, supra.

█ The situation here is analogous to Buchanan v. Jean, 141 Tex. 401, 172 S.W. 2d 688 (1943). This still appears to be the law in this State. Thus, for the errors that are apparent, the interest of justice requires that we reverse the judgment of the trial Court and remand in order that the pleadings and issues may be properly submitted on another trial.