The **WALLACE COMPANY**, Appellant,

v.

**ROCKWELL INTERNATIONAL,**
Appellee.

No. 1247.

Court of Civil Appeals of Texas, Corpus Christi.

May 24, 1978.

William A. Abernethy, Meredith, Donnell & Edmonds, Corpus Christi, for appellant.

Ronald B. Brin, Maddin, White & Brin, Inc., Charles W. Zahn, Jr., Mahoney, Shaffer, Hatch & Layton, William D. Bonilla, Corpus Christi, for appellee.

## OPINION

YOUNG, Justice.

This is a venue case. On August 22, 1975, by amended petition, Nasario Hernandez, as next friend of Nasario Hernandez, Jr., sued Rockwell International, The Wallace Company, and Reynaldo Rodriguez in Nueces County for injuries sustained by Nasario while he was using a power saw in a junior high school shop class.

Wallace filed a plea of privilege to be sued in the county of its residence, Harris County. Plaintiff Hernandez filed no controverting plea. Thereafter, Rockwell filed a cross-action against Wallace and Rodriguez for indemnity and/or contribution. Wallace then filed a plea of privilege to the

cross-action to be sued in Harris County. Rockwell duly controverted Wallace's plea by alleging venue to be proper in Nueces County under Tex.Rev.Civ.Stat.Ann. art. 1995, sub. 4 (1964).

On May 4, 1977, in the primary suit brought by Hernandez, Wallace's plea of privilege was sustained and that cause was transferred to Harris County. On May 12, a hearing was held on Wallace's plea of privilege to Rockwell's cross-claim. And on May 16, Wallace's plea was overruled. Wallace appeals.

In the first three points of error, appellant contends that the trial court erred in overruling its plea of privilege because appellee did not meet its burden under Subdivision 4 because he failed to allege either: 1) a joint cause of action against the appellant and Rodriguez; 2) a cause of action against Rodriguez so intimately connected with his cause of action against appellant as that they are properly joinable to avoid a multiplicity of suits; or 3) a cause of action against the appellant which entangles it in the controversy between appellee and Rodriguez. We agree that appellee's pleadings fail to show that appellant is a proper party within the meaning of Subdivision 4.

Appellee's controverting affidavit asserts that venue is proper in Nueces County under Subdivision 4. This subdivision provides:

"4. Defendants in different counties.— If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

■ To prevent a change of venue under Subdivision 4 the plaintiff, or in this case the third party plaintiff, must: 1) plead and prove that one of the defendants is a resident of the county of suit; 2) plead and prove a cause of action against the resident defendant; and 3) allege a joint cause of action against the non-resident defendant or a cause of action against the resident defendant which is so intimately connected with his cause of action against the non-resident defendant that both defendants are properly joinable to prevent a multiplicity

of suits. *Stockyards Nat. Bank v. Maples,* 127 Tex. 633, 95 S.W.2d 1300 (Tex.Comm'n App.1936, opinions adopted); *Pinney v. Cook,* 558 S.W.2d 33 (Tex.Civ.App.—Corpus Christi 1977, no writ). Proof of this connection between the resident and non-resident defendant is supplied by the allegations in the plaintiff's petition. *Pinney v. Cook,* supra; *Heldt Bros. Trucks v. Silva,* 464 S.W.2d 931, 935 (Tex.Civ.App.—Corpus Christi 1971, no writ).

■ The only allegation in appellee's petition which asserts appellant's liability states:

"IV.

This defendant is entitled to indemnity and/or contribution from defendants, Reynaldo Rodriguez and The Wallace Company and here now pleads such by cross-action."

Appellant did not file special exceptions to this pleading, but preserved this point by objecting to its sufficiency during the venue hearing. *Leonard v. Maxwell,* 365 S.W.2d 340, 344 (Tex.Sup.1963); 1 McDonald, Texas Civil Practice § 4.49 n.36 (1965). Appellee did not apprise the Court about the facts supporting its claim for the indemnity and/or contribution; i. e., whether based upon contract or tort. Appellee is asserting only a legal conclusion which is insufficient to confer venue. See *Furr's Supermarkets v. Patino,* 491 S.W.2d 449 (Tex.Civ.App.—El Paso 1973, no writ); *C. F. Lytle Co. v. Preston,* 175 S.W.2d 440 (Tex.Civ.App.—Fort Worth 1943, no writ); *Texas Acceptance Corporation v. Strickland,* 91 S.W.2d 1179 (Tex.Civ.App.—Eastland 1936, no writ); 1 McDonald, Texas Civil Practice § 4.49 n.35 (1965). The conclusion provides no basis upon which this Court can conclude that venue should remain in Nueces County to avoid a multiplicity of suits.

■ The policy underlying Subdivision 4 of the venue statute is to avoid a multiplicity of suits which create unnecessary delay and extra costs. *Atlas Roofing Co. v. Hall,* 150 Tex. 611, 245 S.W.2d 477, 480 (1952). In this connection, courts generally

recognize a second rationale for maintaining the venue of a cross-action in the county of the main suit under Subdivision 4. This rationale states:

"Where the cross-claim has the same primary purpose, arises out of the same transaction, and involves the same issues of law and fact as the plaintiff's claim to be determined on the same evidence, *and the plaintiff's action is properly maintainable in the county of suit,* the policy of avoiding a multiplicity of suits has been invoked on occasion to defeat a plea of privilege directed to such cross-claim." (Emphasis supplied.)

1 McDonald, Texas Civil Practice § 4.39 n.82 (1962). Stated differently, where venue is proper as to all defendants in a primary suit, venue will be proper in the same county as the primary suit for maintaining all cross-actions arising out of the same transaction having essentially identical issues of fact and law. *Estes Chemical Company v. Ciba-Geigy Corporation,* 501 S.W.2d 469, 471 (Tex.Civ.App.—Amarillo 1973), reversed and remanded for settlement, 505 S.W.2d 249 (Tex.Sup.1974); *Jefferson Chemical Co. v. Forney Engineering Co.,* 466 S.W.2d 361, 364 (Tex.Civ.App.—Houston [1st Dist.] 1971, writ dism'd); *Cape Oil Company v. Williams,* 427 S.W.2d 122 (Tex.Civ.App.—Tyler 1968, no writ). Compare *Miller v. Brown,* 528 S.W.2d 107, 110 (Tex.Civ.App.—Amarillo 1975, no writ).

This rationale does not apply to the instant suit, though, for two reasons. First, determination of the venue question must be made relative to and consistent with the posture of the case at the time of the venue hearing. *Von Scheele v. Kugler-Morris Gen. Contractors,* 532 S.W.2d 375, 382 (Tex. Civ.App.—Dallas 1975, writ dism'd); *Estes Chemical Company v. Ciba-Geigy Corporation,* supra. At the time of this venue hearing, Wallace Company was no longer a defendant in the primary suit. Compare *Johns-Manville Sales Corp. v. Haden Co., Inc.,* 543 S.W.2d 415, 420 (Tex.Civ.App.—Fort Worth 1976), writ ref'd n. r. e., 553 S.W.2d 759 (Tex.Sup.1977). Second, the allegation in appellee's petition relative to indemnity and/or contribution, set forth

above, is insufficient to show whether the same issues of law and fact are involved. We sustain appellant's first three points of error.

On appeal, appellee argues that venue is also maintainable in Nueces County under the theory that Tex.Rev.Civ.Stat. Ann. art. 2212a § 2(g) (Sup.1978) provides a mandatory venue for this action. Appellee, however, did not rely upon this provision of Article 2212a to confer venue in Nueces County when he filed his controverting affidavit to appellant's plea of privilege. The record does not indicate that the applicability of this article was tried by implied consent at the venue hearing. Appellee has waived this argument. Appellee relied solely upon Subdivision 4 to controvert appellant's plea of privilege. Our agreement with appellant's first three points of error makes it unnecessary to consider appellant's remaining points of error.

The judgment of the trial court is reversed, and judgment sustaining Wallace Company's plea of privilege to Rockwell International's cross-action is here rendered.