Royce Lynn BLAIR, Appellant,

v.

Weldon Frederick THOMAS, Appellee.

No. 20442.

Court of Civil Appeals of Texas, Dallas.

Aug. 5, 1980.

Rehearing Denied Aug. 27, 1980.

Aaron S. Kaufman, Herbert Garon, Jr., Oster & Kaufman, Dallas, for appellant.

John H. Martin, Thompson & Knight, Dallas for appellee.

Before GUITTARD, C. J., and AKIN and HUMPHREYS, JJ.

GUITTARD, Chief Justice.

In this venue appeal we must construe article 2212a, § 2(g) of the Texas Revised Civil Statutes (Vernon Supp.1980) concerning contributions between tortfeasors. The question is whether, after the plaintiff's claim against a nonresident defendant has been transferred on plea of privilege, the remaining defendant may maintain a third–party action for contribution against the nonresident defendant in the county where the suit was originally filed. We hold that after the nonresident defendant's original plea of privilege in the primary suit was sustained, he was no longer a "named defendant" in the original action against the resident defendant within article 2212a, § 2(g), which provides: "All claims for contribution between named defendants in the primary suit shall be determined in the primary suit . . .." Consequently, we affirm the trial court's order sustaining the plea of privilege of the third–party defendant.

The facts presented at the venue hearing are undisputed. Plaintiffs originally filed suit in Grayson County against the drivers of two vehicles involved in a collision, alleging negligence of both defendants proximately resulting in the death of plaintiff's husband and father. One of the drivers, defendant Blair, was a resident of Grayson County. The other driver, defendant Thomas, a resident of Denton County, filed a plea of privilege. Plaintiffs filed no controverting plea, and the suit against Thomas was transferred to Denton County. Defendant Blair then filed the present third–party action for contribution against Thomas in the Grayson County suit. Thomas filed another plea of privilege, which Blair controverted. The judge sustained this plea of privilege also. On this appeal Blair contends that venue of the third–party action was proper in Grayson County because venue of a third–party claim for contribution under article 2212a must be maintained in the county of proper venue of the primary suit. Thomas replies that venue does not lie in Grayson County under article 2212a because Blair's third–party action was not a claim "for contribution between named defendants in the primary suit."

We conclude that Thomas' contention is well taken. When several tortfeasors are joined as defendants in a negligence action and one files a plea of privilege which is sustained, the claim against him must be severed and transferred to the county of his residence. *Belcher v. Ramirez*, 578 S.W.2d 491, 494 (Tex.Civ.App.–Corpus Christi 1979, no writ). He is then no longer a party to the original action against other defendants. Consequently, he is not a "named defendant" in that action. So far as he is concerned, the primary suit has been transferred to the county of his residence, and any third–party action against him by other defendants claiming contribution is subject to his right to have such action transferred to the county of his residence. *Maintenance & Equipment Contractors v. John Deere Co.*, 554 S.W.2d 28, 30 (Tex.Civ.App.–Houston [14th Dist.] 1977, writ dism'd).

The obvious policy behind article 2212a, § 2(g) is to require all claims between defendants for contribution to be presented in the same suit in which the plaintiff's claims of primary negligence are presented, so that the relative fault of the respective defendants may be determined in a single proceeding. This requirement promotes judicial efficiency by obviating a second adjudication of the issues of negligence, proximate cause, and relative fault, with possibly divergent results. Abraham & Riddle, *Comparative Negligence–A New Horizon*, 25 Baylor L.Rev. 411, 420 (1973); Fisher, Nugent & Lewis, *Comparative Negligence, an Exercise in Applied Justice*, 5 St. Mary's L.J. 655, 667 (1974); Keeton, *Annual Survey of Texas Law–Torts*, 28 SW.L.J. 1, 11 (1974). This objective can no longer be accomplished if the primary action is severed into two separate actions, as it must be, when the plea of privilege of one of the defendants is sustained. After such a severance, the posture of each action is the same as if only one defendant had been sued. In that situation, a third–party action for contribution is not a claim "for contribution between named defendants," and, consequently, venue of the third–party action is not governed by article 2212a. *Southwestern Electric Power Co. v. Martin Equipment Co.*, 593 S.W.2d 428, 429 (Tex. Civ.App.–Dallas 1980, no writ); *Chaney v. Coleman Co., Inc.*, 567 S.W.2d 882, 883–84 (Tex.Civ.App.–Dallas 1978, no writ).

We have considered the case as if the severed action against Thomas were still pending in Denton County. Although Blair did not allege settlement of plaintiffs' claim against Thomas in his controverting plea as a ground of maintaining venue of the third–party claim in Grayson County, he argues here that settlement of that claim is an additional reason why the trial court erred in transferring the third–party claim. We cannot reverse the trial court's order on a ground of venue not presented to the trial court. *Black v. Salazar*, 577 S.W.2d 768, 771 (Tex.Civ.App.–Corpus Christi 1979, no writ). We may observe, however, that even if the suit in Denton County has been settled, Thomas is still not a "named defendant" in the Grayson County suit, as we understand that term in article 2212a, § 2(g). Moreover, if plaintiffs' claim against Thomas has been settled, the only function of the third–party action for contribution would be to obtain a proportionate reduction of any damages recovered by plaintiffs against Blair, and this result can be accomplished by a defensive pleading in the main suit. *Deal v. Madison*, 576 S.W.2d 409, 417–20 (Tex.Civ.App.–Dallas 1978, writ ref'd n.r.e.). Consequently, we have difficulty in seeing how any of Blair's substantial rights have been adversely affected by the trial court's action in sustaining the plea of privilege.

Affirmed.