The STATE DEPARTMENT OF HIGH-WAYS AND PUBLIC TRANSPORTA-TION, Appellant,

v.

Christine HARDY et al., Appellees.

Nos. 1372, 1336.

Court of Civil Appeals of Texas, Tyler.

Oct. 9, 1980.

Grady H. Click, Jr., Austin, Asst. Atty. Gen., Mark White, Atty. Gen., John W. Fainter, Jr., First Asst. Atty. Gen., Ted L. Hartley, Executive Asst. Atty. Gen., Dudley Fowler, Asst. Atty. Gen., Watson C. Arnold, Asst. Atty. Gen., Chief, Highway Division, for appellant.

John Cely, Maroney, Cely & Whiteker, Lufkin, David Eric Bernsen, Lipscomb Norvell, Jr., Benckenstein & Norvell, Beaumont, Ralph Zeleskey, Zeleskey, Cornelius, Rogers, Berry & Hallmark, Lufkin, Forrest G. Braselton, Nacogdoches, for appellees.

MOORE, Justice.

This is an appeal from an order sustaining the pleas of privilege of multiple defendants from which appellant perfected two separate appeals. We have concluded that the appeal perfected in Cause No. 1336 should be consolidated with the appeal in the present case and it is so ordered.

Plaintiffs, the wife and children of Raymond Hardy, deceased, brought suit in the district court of San Augustine County against multiple defendants seeking a recovery under the wrongful death statute. As grounds for a cause of action, plaintiffs alleged that the defendants, who were engaged in logging operations on land adjacent to State Highway 103 in San Augustine County, were guilty of negligence in causing a slick layer of mud to be deposited on the highway by the trucks used in the logging operations, in failing to warn defendant of such and in failing to remove the mud from the highway. They alleged that the slick mud caused Mr. Hardy to lose

control of his automobile which resulted in his vehicle striking a tree and that Mr. Hardy died from injuries suffered from the collision. The named defendants, material to this appeal, were: State Department of Highways and Public Transportation (State); Temple–Eastex, Inc. (Temple–Eastex); Jimmie Chambers, Olen Chambers, and Chambers Lumber Company (Chambers).

State answered the plaintiffs' suit with a general denial and filed a cross–claim against defendants Temple–Eastex and Chambers for contribution pursuant to Article 2212a, Tex.Rev.Civ.Stat.Ann.

Defendant Temple–Eastex filed a plea of privilege to the plaintiffs' main suit, seeking to have the cause of action alleged against it transferred to Angelina County, the county of its domicile. Temple–Eastex also filed a plea of privilege seeking to have the State's cross–claim for contribution transferred to Angelina County. Defendants Chambers filed a plea of privilege seeking to have the plaintiffs' main suit transferred to Sabine County, the county of their residence. Chambers also filed a plea of privilege seeking to have State's cross–claim for contribution transferred to Sabine County. Plaintiffs duly controverted the pleas of privilege filed by defendants Temple–Eastex and Chambers. The State likewise duly controverted the pleas of privilege filed by each defendant seeking to have the State's cross–claim for contribution transferred to the county of their residences.

All pleas of privilege were set for hearing by the trial court on October 1, 1979. On that date and immediately prior to the hearing, plaintiffs withdrew their controverting affidavit announcing that they no longer desire to contest the plea of privilege filed by Temple–Eastex. Accordingly, the trial court, without a hearing, sustained Temple–Eastex' plea of privilege to the plaintiffs' cause of action and transferred plaintiffs' cause of action against Temple–Eastex to Angelina County. After a hearing on the remaining pleas of privilege, the trial court also sustained the plea of privilege filed by Temple–Eastex to State's cause of action for contribution and transferred State's cross–claim for contribution to Angelina County. The court also sustained defendants Chambers' pleas of privilege, both as to the plaintiffs' main suit and to the State's cross–claim for contribution and transferred both the plaintiffs' suit and State's cross–claim for contribution to Sabine County. State duly perfected this appeal complaining of the action of the court in sustaining the pleas of privilege filed by Temple–Eastex and Chambers.

We affirm in part and reverse and render in part.

Under its first and second points of error, State contends that the trial court erred in sustaining the plea of privilege filed by Temple–Eastex to State's claim for contribution and likewise contends that the trial court erred in sustaining Chambers' plea of privilege to State's claim for contribution. We have concluded that State's contention must be sustained.

The record reveals that plaintiffs' cause of action against State was brought under the provisions of the Texas Tort Claims Act, Tex.Rev.Civ.Stat.Ann. art. 6252–19. Section 5 of the Act provides:

> All cases arising under the provisions of the act shall be instituted in the county in which the cause of action or a part thereof arises.

It has previously been held that the foregoing provision of the act is jurisdictional and that the State may be sued only in the county in which the cause of action or a part thereof arose. *Bishop v. State*, 577 S.W.2d 377 (Tex.Civ.App.–El Paso 1979, no writ); *Hardt v. Texas Department of Corrections*, 530 S.W.2d 897 (Tex.Civ.App.–Austin 1975, no writ). It is undisputed that the cause of action arose in San Augustine County. Thus, by virtue of the Texas Tort Claims Act, the "primary suit" which plaintiffs asserted against State was required to be instituted and tried in San Augustine County.

State asserts that under the provisions of Article 1995, subdivision 30, Tex.Rev.Stat.

Ann., when combined with Article 2212a, § 2(g) Tex.Rev.Civ.Stat.Ann., establishes venue of the primary suit as well as its cross–claim against Temple–Eastex and Chambers in San Augustine County rather than in neighboring Angelina and Sabine Counties respectively.

Subdivision 30 provides that whenever in any law authorizing any particular character of action, the venue is expressly prescribed, the suit shall be commenced in the county in which jurisdiction may be so expressly given. Article 2212a, § 2(g) provides:

> All claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit who has not effected a settlement with the claimant.

■ This provision of Article 2212a, speaks of the venue of claims for contribution and does not control the venue as to the various parties in the primary action. *Gonzales v. Blake*, 605 S.W.2d 634, (Tex.Civ. App.–Houston [1st Dist.] 1980, no writ); *Southwestern Engineering Co. v. Phillips Pipe Line Co.*, 566 S.W.2d 30 (Tex.Civ.App.– Beaumont 1978, no writ); *Winningham v. Connor*, 522 S.W.2d 579 (Tex.Civ.App.–Tyler 1977, no writ); *LaSorsa v. Burr*, 516 S.W.2d 265 (Tex.Civ.App.–Houston [14th Dist.] 1974, no writ). While Article 2212a § 2(g) concerns claims for contributions between named "defendants" in the primary suit, it does not define the term "primary suit." Since the cross–claim filed by State will not require adjudication unless the plaintiffs recover judgment against State, it appears to us that the cause of action asserted by the plaintiffs against State in San Augustine County must be considered the "primary suit" as that term is used in Article 2212a. Article 2212a does not amount to a law establishing venue in a single county for all the defendants to the plaintiff's main action. Each defendant retains his basic venue right as provided in Article 1995. However, the direction given by Article 2212a is that all claims for contri-

bution among "named defendants" must be determined in the same suit in which the liability of the cross–claimant to the plaintiff is determined. Thus, the primary suit must be considered to be the one in which such a judgment can be rendered. *Gonzales v. Blake*, supra. It follows that the primary suit in the present case is the one now pending in the District Court of San Augustine County.

The fact that the trial court granted the pleas of privilege of Temple–Eastex and Chambers to the plaintiffs' suit is not determinative of the county in which State's cross–claim for contribution will be heard. Article 2212a, § 2(a)(1) provides that a "claimant" means any party seeking relief, whether he is a plaintiff, counterclaimant, or cross–claimant. Further paragraph (2) of § 2(a) provides that a "defendant" includes any party from whom a claimant seeks relief. Applying these definitions to the present case, we have a situation where the State as a "claimant" was seeking relief against Temple–Eastex and Chambers, each of whom was a "defendant" to the primary suit between plaintiff and State. Consequently, even though the pleas of privilege filed by defendants Temple–Eastex and Chambers were sustained and the cause of action asserted against them by the plaintiffs was removed from San Augustine County, both Temple–Eastex and Chambers remained a "named defendant" in the "primary suit" pending in San Augustine County. Venue of State's cross–claim for contribution having been established in San Augustine County under the provisions of the statutes hereinabove discussed, it follows that the trial court erred in transferring State's claim for contribution to defendants' respective residences.

In its third point, State asserts that the trial court erred in sustaining Chambers' plea of privilege to plaintiffs' primary suit, because State contends that such action had the effect of denying State its lawful right to pursue its cross–claim for contribution against Chambers.

As heretofore pointed out, the action of the court in sustaining Chambers' plea of

privilege did not affect the right of State to pursue its cross–claim for contribution against Chambers in the primary suit pending in San Augustine County. Even though a co–defendant may assert venue in the county of his residence to the plaintiff's action, Article 2212a provides that cross–claims for contribution among "named defendants" are to be tried where the liability of the cross–claimant is to be determined. Since State did not lose its right to assert its cross–claim in the primary suit in San Augustine County, the complaint made here is no longer a viable issue.

This brings us to State's appeal in consolidated Cause No. 1336. In this connection the record shows that prior to the hearing on all pleas of privilege held on October 1, 1979, plaintiffs announced that they were withdrawing their controverting affidavit filed in response to Temple–Eastex' plea of privilege. State, having advance knowledge of plaintiffs' intention, filed a controverting affidavit on behalf of plaintiffs. Upon plaintiffs' announcement that they had withdrawn their controverting affidavit, the trial court, without a hearing, sustained Temple–Eastex' plea of privilege and transferred plaintiffs' direct suit against Temple–Eastex to Angelina County. The order sustaining Temple–Eastex' plea of privilege to plaintiffs' direct action against Temple–Eastex provides the basis of the appeal in Cause No. 1336.

On the appeal of Cause No. 1336, State seeks a reversal on the ground that the court erred in sustaining Temple–Eastex' plea of privilege to plaintiffs' direct suit against Temple–Eastex without conducting a hearing thereon. State argues that inasmuch as it had filed a controverting affidavit on behalf of plaintiffs, it was entitled to a hearing even though plaintiffs were allowed to withdraw their controverting affidavit. We find no merit in this contention.

Rule 86 of the Texas Rules of Civil Procedure does not give to a co–defendant the right to controvert the plea of privilege filed by another defendant. Consequently, the purported controverting plea filed by State on behalf of plaintiffs was a nullity. *Boger v. Legendecker,* 209 S.W.2d 219 (Tex. Civ.App.–Beaumont 1948, no writ). Thus, the trial court had no alternative other than to sustain Temple–Eastex' plea of privilege and transfer plaintiffs' direct action against Temple–Eastex to Angelina County.

State further contends in Cause No. 1336 that the trial court erred in granting Temple–Eastex' plea of privilege to plaintiffs' direct suit because the court's action had the effect of summarily denying State its lawful right to pursue its cross–claim for contribution in plaintiffs' claim against State pending in San Augustine County. The contention is overruled.

Since we have held herein that the transfer of plaintiffs' direct action against Temple–Eastex to Angelina County did not have the effect of denying State its right to assert its cross–claim against Temple–Eastex in the primary suit pending in San Augustine County, State's contention no longer constitutes a viable issue in the case.

In summary, we reverse that part of the judgment sustaining defendant Temple–Eastex' and Defendants Chambers' pleas of privilege to State's cross–claim for contribution and remand State's cross–claim against both Temple–Eastex and Chambers for trial on the merits. In all other respects the judgment is affirmed. The judgment rendered in consolidated Cause No. 1336 is affirmed.

Affirmed in part and reversed and remanded in part.