**UMC, INC. and Jacobs Engineering Group, Inc., Appellants,**

v.

**ARTHUR BROTHERS, INC., Appellee.**

**No. 2411.**

Court of Appeals of Texas, Corpus Christi.

Dec. 18, 1981.

Rehearing Denied Jan. 14, 1982.

Rebecca R. Kieschnick, Meredith & Donnell, Corpus Christi, for appellants.

Damon Ball, Groce, Locke & Hebdon, San Antonio, for appellee.

Before BISSETT, KENNEDY and GONZALEZ, JJ.

OPINION

KENNEDY, Justice.

This is a venue case. Plaintiff is Theodore Hernandez, whose original suit alleged, inter alia, negligence against UMC, Inc. ("UMC"), Jacobs Engineering Group, Inc. ("Jacobs"), and Taunton Engineering Co., Inc. UMC and Jacobs are appellants herein. Neither plaintiff nor Taunton Engineering Co. are parties to this appeal.

Appellants filed a third-party claim for contribution or indemnity against appellee Arthur Brothers, Inc., alleging negligence. Appellee filed its plea of privilege, from which this appeal arose, to the third-party suit, requesting transfer of that claim to Kleberg County. Subsequently, plaintiff amended his pleadings, naming appellee party defendant thereto. Appellee then filed a plea of privilege to that claim as well. The trial judge sustained both pleas of privilege, ruling from the bench on the one directed at plaintiff's original action, and reserving judgment on the one directed

at the cross-claim pending submission of briefs by the parties. A single order was later signed by the trial judge sustaining both.

Due to the nature of the issue before us, our initial determination must be this: what was the effect of the actions taken by the trial judge in making his rulings as he did? Except for purposes of prosecuting an appeal, the rendition of an order is not determined by the date it is signed. Rule 306a, T.R.C.P. An order may be orally pronounced in open court. *Walker v. Harrison*, 597 S.W.2d 913, 915 (Tex.1980); *Dunn v. Dunn*, 439 S.W.2d 830, 832 (Tex. 1969). The order is "rendered" when it is officially announced in such a manner, and is valid from that time, its formal entry being only a ministerial act. *Dunn v. Dunn*, supra. The plaintiff's cause of action against appellee, then, was effectively severed at the time the trial judge announced from the bench that he was sustaining appellee's plea of privilege to that suit.

Whenever a cause of action is governed by a statute in which venue is expressly provided for, that statutory provision is determinative. Tex.Rev.Civ.Stat. Ann. Art. 1995, Subd. 30 (Vernon 1964). Contribution amongst joint tort-feasors is governed by Article 2212a, which reads, in pertinent part:

"All claims for contribution between *named defendants in the primary suit* shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit who has not affected a settlement with the claimant." Tex.Rev. Civ.Stat.Ann. Art. 2212a, § 2(g) (Vernon Supp.1980) (Emphasis supplied).

It has been held that this is a mandatory venue provision directing venue in claims for contribution in the county where the "primary suit" is to be heard. *Goodyear Tire & Rubber Co. v. Edwards*, 512 S.W.2d 748, 753 (Tex.Civ.App.—Tyler 1974, no writ). Thus, the issue before this Court is one of interpretation of Article 2212a, i.e.,

what is meant by the terms "primary suit" and "named defendant"? The choices offered are distinct. The opinions of the Courts of Appeals addressing this question fall into two camps, each in direct conflict with the other.

In *Blair v. Thomas*, 604 S.W.2d 471 (Tex. Civ.App.—Dallas 1980, no writ), the Court held that once the plea of privilege against the plaintiff's suit has been sustained, the third-party defendant asserting it is no longer a "named defendant."

"After such a severance, the posture of each action is the same as if only one defendant had been sued. In that situation, a third-party action for contribution is not a claim 'for contribution between named defendant,' and, consequently, venue of the third-party action is not governed by Article 2212a." 604 S.W.2d at 472.

In so holding, the Dallas Court reasoned that the objective of the statute, namely, dispensing with the requirement for a second adjudication of the issues of negligence, proximate cause, etc., with possibly divergent results, can no longer be served if the "primary action" is severed into two separate actions. Id. Article 2212a, § 2(g) speaks in terms of the "primary suit," but the act does not define that phrase. The *Blair* Court, then, was interpreting it as referring to the suit between the plaintiff and the third-party defendant.

A similar conclusion was reached in *Maintenance & Equipment Contractors v. John Deere Co.*, 554 S.W.2d 28 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd). In that case, the plea of privilege of the third-party defendant directed at the plaintiff's suit had been sustained, and the issue before the Court was the plea of privilege aimed at the cross-claim. Reasoning that since the plaintiff's claim against the third-party defendant had already been severed, the Court held that the third-party defendant was no longer a "named defendant in the primary suit," and, therefore, that Article 2212a was inapplicable. 554 S.W.2d at 30.

This Court has also held that once a severance of the plaintiff's claim against the third-party defendant had been accomplished, that defendant is no longer "a defendant in the primary suit." *Wallace Co. v. Rockwell International*, 568 S.W.2d 404, 407 (Tex.Civ.App.—Corpus Christi 1978, no writ). That case, however, was interpreting the venue requirements under Article 1995, Subd. 4, and expressly noted that it did not address itself to the mandatory venue provision of Article 2212a. Id.

Contrary conclusions have been reached by other courts. In *State Dept. of Highways & Public Transportation v. Hardy*, 607 S.W.2d 611 (Tex.Civ.App.—Tyler 1980, writ dism'd), the Court relied on the definitions of "claimant" and "defendant" given in Article 2212a, § 2(a). Those terms are defined therein thusly:

" 'Claimant' means any party seeking relief, whether he is a plaintiff, counter-claimant, or cross-claimant.

'Defendant' includes any party from whom a claimant seeks relief." (Supp. 1980).

In *Hardy*, the State was the cross-claimant. The Court reasoned that since the cross-claim would require adjudication only if the plaintiff recovered judgment against the State, the cause of action asserted by the plaintiff against the State was the "primary suit" for purposes of Article 2212a. 607 S.W.2d 614. Therefore, despite the fact that plaintiff's suit against the third-party defendant had already been severed, the third-party defendant remained a "named defendant in the primary suit." Id.

A consistent finding was reached in *Gonzales v. Blake*, 605 S.W.2d 634 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). The Court there held:

"Since the cross-claim . . . will not require adjudication unless the plaintiffs recover judgment against [the cross-claimants], is the cause of action asserted by the plaintiffs against [the cross-claimants] in Harris County the 'primary suit' as that term is used in Article 2212a? Reason dictates that [that] question be answered in the affirmative. It was the

intention of the legislature that the cross-claims between named defendants shall be determined in 'the primary suit'. . . . The direction is that the claims for contribution be determined in the same suit in which the liability of the various defendants to the plaintiff is determined. Since in this case the claim for contribution on the part of [the cross-claimants] against [the third-party defendant] cannot be determined until the liability of [the cross-claimants] to answer in damages to the [plaintiffs] has been determined, the primary suit must be considered to be the one in which a judgment can be rendered. Therefore, the primary suit in this case is pending in Harris County, Texas." 604 S.W.2d at 637.

From our readings of these cases, it is apparent that two distinct schools of thought have developed, and that a decision on our part mandates an acceptance of one and disagreement with the other. With all due respect to our learned colleagues who decided the *Maintenance & Equipment Contractors* and *Blair* cases, we feel constrained to align ourselves with the holdings in *Hardy* and *Gonzales.*

■■ We interpret the definitions of the terms "claimant" and "defendant" to mean that a third-party defendant becomes a "named defendant" when the claim for contribution is filed against him by the claimant. To hold otherwise would necessitate recognition of a distinction, however subtle, between the terms "defendant," as defined in the Act, and "named defendant." We are not of the opinion that the Act itself manifests such a distinction. Additionally, we feel that the reasoning employed by the Court in *Gonzales v. Blake* is sound to wit: since the liability of the appellee to appellants in the cross-action hinges upon appellants' liability, if any, to the plaintiff, therefore the "primary suit," for purposes of the cross-action, is that one pending against appellants.

This holding is in no way inconsistent with our prior holding in *Wallace Co. v. Rockwell International,* supra. As previously noted, we were not addressing ourselves to the Article 2212a terminology at that time. The plain meaning of that terminology clearly distinguishes our holding in that case from the one at bar.

The order of the trial court insofar as it sustained appellee's plea of privilege to appellants' cross-claim is reversed and judgment is here rendered that the plea of privilege with respect to the appellants' cross-claim be, and it is hereby, denied. Rule 434, T.R.C.P.

Reversed and Rendered.