**ARTHUR BROTHERS, INC., Petitioner,**

v.

**U.M.C., INC. and Jacobs Engineering Groups, Inc., Respondents.**

No. C–1057.

Supreme Court of Texas.

Dec. 15, 1982.

Groce, Locke & Hebdon, Damon Ball, Thomas H. Crofts, Jr. and Ann C. Livingston, San Antonio, for petitioner.

Meredith & Donnell, M.W. Meredith, Jr. and Rebecca R. Kieschnick, Corpus Christi, for respondents.

ON MOTION FOR REHEARING

PER CURIAM.

We withdraw our former opinion and substitute this one in its place.

This is a plea of privilege appeal involving the construction of Tex.Rev.Civ.Stat. Ann. art. 2212a, § 2(g), which provides that "[a]ll claims for contribution between named defendants in the primary suit shall be determined in the primary suit." The trial court sustained Arthur Brothers, Inc.'s plea of privilege to claims for contribution asserted against it. The court of appeals reversed the trial court's judgment and rendered judgment that the plea of privilege be denied. 626 S.W.2d 819. Two conflicting interpretations of section 2(g) have developed in the courts of appeals. Because we agree with the judgment of the court of appeals in this cause, we refuse this application for writ of error, with the notation "no reversible error." Tex.R.Civ.Pro. 483.

Theodore Hernandez at first sued three defendants—U.M.C., Inc., Jacobs Engineering Group, Inc., and Taunton Engineering

Co., Inc.—in Nueces County, alleging negligence and other claims. U.M.C. and Jacobs filed a third-party claim for contribution and indemnity against Arthur Brothers, Inc. To the claims for contribution, Arthur Brothers filed a plea of privilege to be sued in Kleberg County. Plaintiff Hernandez then amended his petition and sued Arthur Brothers as a fourth named defendant, and Arthur Brothers filed another plea of privilege to plaintiff Hernandez' claim. At a subsequent hearing on both of Arthur Brothers' pleas, the trial court sustained its plea of privilege to Hernandez' claim as well as its plea of privilege to the third-party claim against it for contribution. The trial court ordered the transfer of all claims against Arthur Brothers to Kleberg County. The plaintiff Hernandez did not appeal from the order transferring to Kleberg County his action against Arthur Brothers. U.M.C. and Jacobs appealed the orders transferring to Kleberg County their claims for contribution against Arthur Brothers.

The court of appeals reversed the trial court's order that sustained Arthur Brothers' plea of privilege to the contribution claims asserted by U.M.C. and Jacobs. Arthur Brothers argues that the court of appeals erred because Hernandez' suit against it as a defendant has now been transferred to Kleberg County, but the claims against it for contribution remain in Nueces County. We agree, however, with the decision of the court of appeals. It held that under article 2212a, section 2(g), Arthur Brothers became a "named defendant in the primary suit" when U.M.C. and Jacobs filed their contribution claim against it. The contribution claim had to be tried in the county where the primary suit was pending, and that county was Nueces County. Article 2212a, section 2(g), provides:

All claims for contribution between named defendants in the primary suit shall be determined in the primary suit, except that a named defendant may pro-

ceed against a person not a party to the primary suit who has not effected a settlement with the claimant.[1]

The court of appeals discussed the conflicting opinions written by courts interpreting this statute. In two cases, *Blair v. Thomas,* 604 S.W.2d 471 (Tex.Civ.App.— Dallas 1980, no writ), and *Maintenance & Equipment Contractors v. John Deere Co.,* 554 S.W.2d 28 (Tex.Civ.App.—Houston [14th Dist.] 1977, writ dism'd), the courts held that if the defendant's plea of privilege to plaintiff's claim is sustained and the cause is severed as to that defendant and is transferred to another county, that defendant is no longer a "named defendant in the primary suit." Consequently, that defendant's plea of privilege to a third-party action for contribution would not be governed by article 2212a, section 2(g), and could be sustained.

Two other courts of appeals have held differently. In *State Department of Highways & Public Transportation v. Hardy,* 607 S.W.2d 611 (Tex.Civ.App.—Tyler 1980, writ dism'd w.o.j.), one defendant, the State, filed a cross-claim for contribution against Temple-Eastex, Inc., another defendant. Temple-Eastex filed a plea of privilege against plaintiff's claim and also the contribution claim. At the hearing, the trial court first sustained Temple-Eastex's plea of privilege against the plaintiff, and later sustained the plea against the contribution claim. The court of civil appeals reversed the order sustaining the plea to the contribution claim, holding that plaintiff's claim against the contribution plaintiff, the State, was the primary suit. This was true because the contribution claim would not require adjudication unless plaintiff recovered against the contribution plaintiff. The court also held that Temple-Eastex was still a named defendant in the primary suit because it was a defendant on the contribution claim.

---

1. Article 2212a, section 2(a), defines these terms:

"Claimant" means any party seeking relief, whether he is a plaintiff, counter-claimant, or cross-claimant.

"Defendant" includes any party from whom a claimant seeks relief.

The court of civil appeals in *Hardy* also relied on *Gonzales v. Blake,* 605 S.W.2d 634 (Tex.Civ.App.—Houston [1st Dist.] 1980, no writ). In that case the court held that a named defendant's cross-claim for contribution must remain in the suit in which plaintiff was suing the contribution plaintiff. The court in *Gonzales* reasoned that the primary suit was the suit in which plaintiff was suing the contribution plaintiff, since the contribution claim would not need to be tried if plaintiff did not recover from that defendant.

We agree with *Hardy* and *Gonzales.* The purpose of article 2212a, section 2(g), is to avoid separate trials of the plaintiff's claims and contribution claims against several defendants. The purpose of the statute is best served by maintaining the contribution claims in the original suit.

Accordingly, we refuse this application for writ of error with the notation, "no reversible error." The motion for rehearing is overruled.