CONOCO, INC., Appellant,

v.

AFFOLTER CONTRACTING
COMPANY, INC., et al.,
Appellees.

No. 13–86–324–CV.

Court of Appeals of Texas,
Corpus Christi.

June 25, 1987.

Russell Serafin, Galveston, Marina K. Pita, Conoco Inc., Legal Dept., Houston, for appellant.

L. Keith Slade, James D. Wise, Jr., Russell T. Lloyd, Houston, for appellees.

Before NYE, C.J., and UTTER and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is a summary judgment case. Appellant Conoco was named as the sole defendant in a personal injury action. Conoco impleaded Affolter Contracting Company and Bean Dredging Corporation. Tex. R.Civ.P. 38. After joining Affolter and Bean as third-party defendants, Conoco settled with the plaintiffs, obtaining a release only of its liability to the plaintiffs. The settlement also assigns to Conoco any cause of action of plaintiffs related to the injury. Conoco, in this its severed cause, seeks contribution from Affolter and Bean; however, Affolter and Bean were each granted summary judgment as to Conoco's contribution action.

Conoco appeals through five points of error, all of which raise one question of law: did Conoco's settlement procedure adequately preserve its right to seek contribution from Affolter and Bean? We hold that it does not.

Appellant Conoco seeks contribution under former Tex.Rev.Civ.Stat.Ann. art. 2212a.[1] The Supreme Court held in *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 819 (Tex.1984), that article 2212a provides no right of contribution to a joint tortfeasor who has settled the plaintiff's claim. However, appellant points out that several opinions of the courts of appeals appear to limit the "sweeping language" of *Bonniwell*. *See Getty Oil Corp. v. Dun-*

---

1. Act of April 9, 1973, ch. 28, 1973 Tex.Gen.Laws 41, *repealed by* Act of June 16, 1985, ch. 959, § 9(1), 1985 Tex.Sess.Law Serv. 7043, 7218 (now codified as Tex.Civ.Prac. & Rems.Code Ann. §§ 33.011–.017 (Vernon 1986)).

*can,* 721 S.W.2d 475 (Tex.App.—Corpus Christi 1986, writ requested); *Beech Aircraft Corp. v. Jinkins,* 698 S.W.2d 722 (Tex.App.—Houston [1st Dist.] 1985, writ granted); *Beaumont Coca Cola Bottling Co. v. Cain,* 673 S.W.2d 338 (Tex.App.—Beaumont 1984, no writ); *Iowa Manufacturing Co. v. Weisman Equipment Co.,* 667 S.W.2d 209 (Tex.App.—Austin 1983, writ ref'd n.r.e.); *Lubbock Manufacturing Co. v. International Harvester Co.,* 584 S.W.2d 908 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Callihan Interests, Inc. v. Duffield,* 385 S.W.2d 586 (Tex.Civ.App.—Eastland 1964, writ ref'd).

■ We find that these cases are inapplicable to the instant case. Appellant has failed to include in the record a certified copy of a signed judgment which establishes appellant as a judgment debtor. Instead, the record contains an unsigned, take-nothing judgment in favor of appellant, which merely makes passing reference to the settlement. The settlement was not signed by the trial judge, and the settlement's terms were neither incorporated into the judgment nor referred to by it, as the above cases appear to require. Under these circumstances, appellant falls directly under the holding in *Bonniwell.*

■ Appellant also argues that it is entitled to seek contribution under the express terms of article 2212a. Because the plaintiffs below did not assert a cause of action against Affolter and Bean, appellant contends, the appellees were not parties to the primary suit. Under art. 2212a, § 2(g), "All claims for contribution shall be determined in the primary suit, except that a named defendant may proceed against a person not a party to the primary suit...." This Court has settled this question in the context of a venue case. In *UMC, Inc. v. Arthur Brothers, Inc.,* 626 S.W.2d 819 (Tex.App.—Corpus Christi 1981), *writ ref'd n.r.e. per curiam,* 647 S.W.2d 244 (Tex. 1982), a third-party defendant filed a plea of privilege to be sued in a different county. Appeal was taken by the original defendants from the trial court's action in sustaining the plea of privilege. In reversing the trial court, we held that the third-party defendant was a "named defendant" for purposes of article 2212a. 626 S.W.2d at 822. It would follow that, if a third-party defendant is a "named defendant," such defendant is also "a party to the primary suit." We hold that a defendant may not proceed against a third-party, non-settling defendant in a separate action under article 2212a, § 2(g), because such cross-defendant is a party to the primary suit.

Appellant also appears to contend, in the alternative, that its claims for contribution were merely severed and preserved, rather than becoming a separate action. Indeed, from our review of the record, this may have been the case. However, we have no signed judgment in the record which would prove such a contention. Neither does the record reflect that the settlement between appellant and plaintiffs was approved by the trial court. Even assuming that the judgment was in fact signed by the trial court, no incorporation of the settlement's terms, or reference to those terms, was made in the record before us.

Appellant also argues that its right to contribution under the procedure it followed should be upheld because of the public policy favoring settlements. This argument has merit. By entering into an early settlement with plaintiffs, the injured parties were compensated for their injuries without having to endure the delay, expense, and stress of trial. Likewise, appellant avoided the adverse publicity associated with litigating the issue of its liability to the individual plaintiffs. By Conoco's taking an assignment of any cause of action held by plaintiffs which arose out of the occurrence in question, the third-party defendants were protected from exposure to multiple liability. A trial would have merely apportioned the liability among all of the alleged tortfeasors.

This argument lacks merit, however, when the interests of the third-party defendants, appellees in this case, are considered. The amount of liability to be apportioned was never determined and reduced to judgment. Although the strict language of article 2212a, § 2(g), would not preclude such a procedure, section 2(g)

must be read in conjunction with the entire statute. Article 2212a as a whole appears to treat contribution as a matter of mere computation *after* the amount of liability and the parties' respective percentages of negligence have been determined in the primary suit. With the principal claimant out of the suit, the issues of liability and causation are less easily and fully resolved. As the Supreme Court pointed out in *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 431 (Tex.1984), "[S]ettlement dollars are not the same as damages." Without a determination by the fact finder of the amount of damages sustained by the plaintiffs, and without that finding being reduced to judgment, the various defendants do not know what sum they are trying to apportion. It is difficult to say that public policy favors settlements so strongly that this backward approach to lawsuits would be desirable.

We have carefully considered all of appellant's points of error, and they are all overruled. The judgment of the trial court is AFFIRMED.