Opinion issued November 30, 2006













In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-06-00324-CV
____________

IN RE BILL HEARD CHEVEROLET, LTD., Relator




Original Proceeding on Petition for Writ of Mandamus




O P I N I O N 
          Relator, Bill Heard Cheverolet, Ltd., has filed a petition for writ of mandamus
complaining of Judge Elliot’s


 December 16, 2005 and February 3, 2006 orders,
denying relator’s motion to compel arbitration and motion for reconsideration of that
ruling. We deny the petition for writ of mandamus.
Background
          John Todd and Suzanne Todd (“the Todds”), who are the real parties in
interest, filed suit against relator, Bill Heard Chevrolet, Ltd., for violations under the
Texas Deceptive Trade Practices–Consumer Protection Act (“DTPA”),


 fraud, and
breach of contract. Relator filed a motion to compel arbitration, which the trial court
apparently denied, and a motion for reconsideration of its motion to compel
arbitration. The trial court denied relator’s motion for reconsideration, and relator
filed a petition for writ of mandamus challenging that denial,


 asking this Court to
order the trial court to withdraw its orders denying the motion to compel arbitration
and denying reconsideration of that ruling. 
          Relator contends that the trial court denied its motion to compel arbitration
because (1) the arbitration agreement was without consideration and (2) the “Retail
Installment Contract” did not reference the agreement. The Todds do not dispute
either that they signed the arbitration agreement as part of the process by which they
purchased their vehicle, or that the Federal Arbitration Act (“FAA”) applies, but,
rather, they oppose arbitrating any claims because relator’s alleged, repeated judicial
admission that their transaction was a purchase in effect eliminated the issue in
controversy.
          This Court has concluded in the sister interlocutory appeal to this mandamus,
Bill Heard Chevrolet v. John Todd & Suzanne Todd, 01-06-00183-CV, that the FAA
applies both because the parties agreed to arbitrate under the FAA in the arbitration
agreement and because the transaction involved interstate commerce. Accordingly,
mandamus is appropriate to review the trial court’s order denying arbitration. See In
re Valero Energy Corp., 968 S.W.2d 916, 917 (Tex. 1998).
           Standard of Review
          Mandamus is an extraordinary remedy, which will issue only to correct a clear
abuse of discretion or a violation of a duty imposed by law when there is no adequate
remedy by appeal. In re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005) (orig.
proceeding) (citing In re Prudential Ins. Co., 148 S.W.3d 124, 135-36 (Tex. 2004));
Walker v. Packer, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding); Johnson v.
Fourth Court of Appeals, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding); In re
Taylor, 113 S.W.3d 385, 389 (Tex. App.—Houston [1st Dist.] 2003, orig.
proceeding).                                              

Mandamus Record
          The mandamus record is insufficient for us to grant relief because it does not
include either the trial court’s written order denying relator’s motion to compel
arbitration or the reporter’s record of the trial court’s oral order denying relator’s
motion to compel arbitration. Moreover, considering that there is an indication that
evidence was presented in hearings concerning the motion to compel arbitration, 
absent the reporter’s records of those hearings, we must presume that the evidence
before the trial court was adequate to support its denial of relator’s motion to compel
arbitration.
          1.       The Law
          An appellate court may issue a writ of mandamus to correct a trial court for an
abuse of discretion only if, after searching the record, it is clear that the trial court’s
decision was arbitrary and unreasonable. Walker, 827 S.W.2d 833, at 840. Hence,
the party that complains of abuse of discretion has the burden to bring forth a
sufficient record to show such abuse. See id. at 837 (holding that relator has burden
of providing record establishing his right to mandamus relief); see also Tex. R. App.
P. 52.3(j)(1)(A) (requiring that appendix contain copy of any complained-of order);
Tex. R. App. P. 52.7(a)(1) (requiring that relator file with mandamus petition copy of
every document material to his claim for relief). 
          The record in a mandamus proceeding must contain a certified or sworn copy
of every document that is material to the relator’s claim for relief and that was filed
in any underlying proceeding and a properly authenticated transcript of any relevant
testimony from any underlying proceeding, including any exhibits offered in
evidence, or a statement that no testimony was adduced in connection with the matter
of which complaint is made. Tex. R. App. P. 52.7(a).
          Rule 52.3(j)(1)(A) of the Rules of Appellate Procedure provides that the
petition must contain, within its appendix, a certified or sworn copy of any
complained-of order or any other document showing the complained-of matter. Tex.
R. App. P. 52.3(j)(1)(A). If the complained-of order is an oral order, the portion of
the reporter’s record that contains the order must be included in the petition’s
appendix. In re Vernor, 94 S.W.3d 201, 206 n.8 (Tex. App.—Austin, 2002, orig.
proceeding) (citing In re Perritt, 973 S.W.2d 776, 779 (Tex. App.—Texarkana 1998,
orig. proceeding).
          Since 1923, Texas courts have consistently enforced the following general rule: 
all orders must be entered of record to be effective. Ex parte Rains, 113 Tex. 428,
433, 257 S.W. 217, 220 (1923). Entries made in a judge’s docket are not accepted as
a substitute for that record. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 384,
110 S.W.2d 561, 566 (1937). The order must be reduced to writing, signed by the
trial court, and entered in the record. Utils. Pipeline Co. v. Am. Petrofina Mktg., 760
S.W.2d 719, 723 (Tex. App.—Dallas 1988, no writ); see Tex. R. Civ. P. 306a(2).


 
          One exception to the general rule exists. An order pronounced in open court
is considered “rendered” when it is officially announced, and it is valid from that time
forward, so that formal entry is only a ministerial act.


 Dunn v. Dunn, 439 S.W.2d
830, 832 (Tex. 1969); UMC, Inc. v. Arthur Bros., Inc., 626 S.W.2d 819, 820 (Tex.
App.—Corpus Christi 1981), writ ref’d n.r.e., 647 S.W.2d 244 (Tex. 1982). 
Therefore, to be effective, all orders and rulings must be made on the record either in
writing or in open court transcribed by the court reporter. See Tex. R. App. P.
33.1(a)(2). 
          A docket-sheet entry ordinarily forms no part of the record that may be
considered; rather, it is a memorandum made for the trial court and clerk’s
convenience. Energo Int’l Corp. v. Modern Indus. Heating, Inc., 722 S.W.2d 149,
151 (Tex. App.—Dallas 1986, no writ); Azopardi v. Hollebeke, 428 S.W.2d 167, 168
(Tex. Civ. App.—Waco 1968, no writ); Restelle v. Williford, 364 S.W.2d 444, 445
(Tex. Civ. App.—Beaumont 1963, writ ref’d n.r.e.). A docket-sheet entry cannot
contradict or take the place of a written order or judgment. See, e.g., Smith v.
McCorkle, 895 S.W.2d 692, 692 (Tex. 1995); Faulkner v. Culver, 851 S.W.2d 187,
188 (Tex. 1993) (holding that docket entry granting new trial was not substitute for
signed order); In re Estate of Townes, 934 S.W.2d 806, 807–08 (Tex. App.—Houston
[1st Dist.] 1996, orig. proceeding) (holding that trial court’s oral granting of relator’s
motion for new trial, initialed docket sheet entry stating “MNT granted,” and signed
order setting case for trial, did not constitute “written order” granting new trial).
          Docket-sheet entries are inherently unreliable because they lack the formality
of orders and judgments. First Nat’l Bank of Giddings, Tex. v. Birnbaum, 826 S.W.2d
189, 191 (Tex. App.—Austin 1992, no writ) (citing Energo, 722 S.W.2d at 151 n.2)
(holding that docket entry denying turnover relief was not order). Perhaps due to this
unreliability, a docket-sheet entry is generally considered insufficient to constitute a
judgment or decree of the court. See Formby’s KOA v. BHP Water Supply Corp., 730
S.W.2d 428, 430 (Tex. App.—Dallas 1987, no writ); Loper v. Hosier, 148 S.W.2d 889,
891 (Tex. Civ. App.—Dallas 1941, writ dism’d judgm’t cor.). This rule is especially
important if the docket-sheet entry is unsigned. See W.C. Banks, Inc. v. Team, Inc.,
783 S.W.2d 783, 785 (Tex. App.—Houston [1st Dist.] 1990, no writ) (holding that
unsigned docket-sheet entry reciting that judgment was rendered for one party held
insufficient to constitute rendition of judgment). 
          Nevertheless, docket-sheet entries have, along with other evidence and under
limited circumstances, supplied proof that the trial court orally rendered judgment on
a certain date. See, e.g., Henry v. Cullum Co., Inc., 891 S.W.2d 789, 793 (Tex.
App.—Amarillo 1995, writ denied) (determining that trial court rendered judgment
on particular date when (1) trial court orally announced that it was granting partial
summary judgment, even though there was no reporter’s record showing trial court’s
comments at conclusion of hearing; (2) agreed motion for severance of claims
acknowledged oral rendition of partial summary judgment at close of hearing; and (3)
docket-sheet notation initialed by trial judge evidenced court’s action).
          The trial court’s notation on the docket sheet can sometimes be used to support
the contention that judgment was orally rendered on a certain date. See Tex. Fam.
Code Ann. § 101.026; Dearing v. Johnson, 947 S.W.2d 641, 643 (Tex.
App.—Texarkana 1997, no writ) (holding that judge’s affidavit that he orally
rendered judgment and docket sheet notation “divorce granted” amounted to rendition
of judgment); Oak Creek Homes Inc. v. Jones, 758 S.W.2d 288, 290–91 (Tex.
App.—Waco 1988, no writ) (holding that judge’s announcement that “I’ll grant all
the relief you’ve asked for” and docket notation of “default judgment,” followed by
judge’s signature, amounted to rendition). We conclude, however, that the initialed
docket-sheet entry here was insufficient to constitute a decree of the trial court.
          2.       Analysis
          Here, relator provided verified copies of (1) the Todds’ original petition, (2)
the arbitration agreement signed by the Todds, (3) relator’s motion to compel, (4) the
trial court’s docketing statement, (5) the motion for reconsideration of relator’s
motion to compel, and (6) the signed trial-court order denying relator’s motion for
reconsideration on its motion to compel arbitration. Relator did not provide (1) a
signed, written order denying arbitration or a reporter’s record of the oral order; (2)
a reporter’s record of the December 16 hearing held by the trial court on relator’s
motion to compel arbitration; or (3) a reporter’s record of the February 3 hearing held
by the trial court on relator’s motion for reconsideration on its motion to compel
arbitration. Other than the arbitration agreement, no documents related to relator’s
sale of the vehicle to the Todds were attached to the petition for writ of mandamus,
nor were any such documents included in the clerk’s record in the related appeal, No.
01-06-00183-CV. 
 
          The mandamus record does not provide a written order or reporter’s record
reflecting an oral ruling in open court. The mandamus record includes the trial court’s
initialed docket sheet notation, stating, “Took up [Defendant’s] motions to compel
arbitration and abate proceedings. Denied.” The record also includes an order
denying relator’s motion for reconsideration; however, that order does not state the
trial court’s ruling on the motion to compel.


 The mandamus record is insufficient
because it does not include either the trial court’s written order denying relator’s
motion to compel arbitration or the reporter’s record of the trial court’s oral order
denying relator’s motion to compel arbitration. See Tex. R. App. P. 52.3(j)(1)(A); see
also In re Vernor, 94 S.W.3d at 206 n.8 (citing In re Perritt, 973 S.W.2d at 779). 
          Moreover, relator’s verified record indicates that evidence contesting the
validity of the arbitration agreement was introduced at the hearings. Specifically,
relator’s motion for reconsideration recited, “[The trial court] ruled that the arbitration
agreement entered into between [the Todds] and [relator] was without consideration. 
The [trial court] also opined that the Retail Installment Contract lacked a reference
to the Arbitration Agreement entered into between the parties.” The “Retail
Installment Contract” is not part of the record before us; nor was it attached to
relator’s motion to compel arbitration or motion for reconsideration.
          Given relator’s recitation that the trial court considered evidence that is not in
the record and is not before us, the failure of relator to present transcripts of the
hearings creates a presumption that evidence was presented during the hearings and
that that evidence supported an implied finding by the trial court that a valid
arbitration agreement did not exist. See Michiana Easy Livin’ Country, Inc. v.
Holten, 168 S.W.3d 777, 781–84 (Tex. 2005) (stating that if proceeding’s nature, trial
court’s order, party’s briefs, or other indications show that evidentiary hearing, at
which evidence other than that attached to motion under consideration was
considered, took place in open court, then complaining party must present record of
that hearing to establish harmful error). Compare In re Palm Harbor Homes, Inc.,
195 S.W.3d 672, 675–76 (Tex. 2006) (orig. proceeding) (rejecting claim that
appellate court must presume evidence that supported trial court’s order was
presented at pretrial hearing, when real party in interest conceded that evidence was
not presented at that hearing).
          Relator’s own statements here and below indicate that evidence other than that
attached to its motions was presented to the trial court at the December 16 and
February 3 hearings. Absent the reporter’s records from those hearings, we must
presume that the evidence before the trial court was adequate to support its denial of
relator’s motion to compel arbitration in favor of the Todds. See Bryant v. United
Shortline Inc. Assurance Serv., N.A., 972 S.W.2d 26, 31 (Tex. 1998); Sandoval v.
Comm’n for Lawyer Discipline, 25 S.W.3d 720, 722 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied).
Conclusion
          We deny the petition for writ of mandamus. See Tex. R. App. P. 52.8 (a).
 
 
                                                             Tim Taft
                                                             Justice 
 
Panel consists of Justices Taft, Keyes, and Hanks.  
Justice Keyes, concurring.