Donald Aaron SMITH, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–82–01204–CR.

Court of Appeals of Texas,
Dallas.

Jan. 17, 1984.

Rehearing Denied Feb. 15, 1984.

William A. Bratton, Dallas, for appellant.

Henry Wade, Dist. Atty., Tom Streeter, Asst. Dist. Atty., for appellee.

Before STEPHENS, GUILLOT and ROWE, JJ.

ROWE, Justice.

Appellant was convicted before a jury of the offense of murder. Punishment was assessed at confinement for 50 years in the Texas Department of Corrections. In ten grounds of error appellant contends the trial court committed reversible error. For reasons below stated, we overrule all these contentions and affirm.

■■■■ In his first four grounds of error, appellant complains that the trial judge unduly restricted his rights on voir dire examination to individually question members of the jury panel about four different subjects: (1) materials they had read about the defense of insanity; (2) their thoughts about the defense of insanity; (3) their exposure to any publicity about the case; and (4) their thoughts about punishment and its purposes. These restrictions are claimed to have violated appellant's right to counsel as guaranteed by Article 1, Section 10 of the Texas Constitution. Under the facts in this record, we disagree. This is not a capital felony case controlled by TEX. CODE CRIM.PROC.ANN. article 35.17(2) (Vernon Supp. 1982–1983). Rather, this is a non-capital felony case in which individual or panel voir dire examination is a matter within the trial court's discretion. *Robles v. State*, 627 S.W.2d 466, 467 (Tex.App. —Houston [1st Dist.] 1981, no pet.). The action of the trial court in controlling voir dire interrogation of prospective jurors is subject to review only to determine whether the court abused its discretion. *Cook v. State*, 398 S.W.2d 284, 288 (Tex.Cr.App. 1965), cert. denied, 384 U.S. 966, 86 S.Ct. 1599, 16 L.Ed.2d 678 (1966). Appellant has not assigned abuse of discretion as error, and we find none. The rulings complained of occurred toward the end of a lengthy interrogation by appellant's counsel. The trial judge expressed time considerations as the reason for his requiring at that stage of the trial that certain questions be directed to the whole panel rather than to individual members. Prior to that series of rulings, numerous questions of individual members on other subjects had been allowed. On one occasion after the ruling,

when counsel declined to pursue a particular line of questioning to the panel as a whole, the trial judge pursued the matter on his own initiative. Appellant does not assert, and indeed would be unjustified in asserting, that the trial judge placed unreasonably meager time limits on interrogation. When the voir dire examination is considered as a whole, appellant's complaint that he was denied his constitutional right to counsel is not well taken. Appellant's first through fourth points of error are overruled.

■ By his fifth ground of error, appellant contends that because no written order had been entered authorizing a mental status examination of him under TEX.REV. CIV.STAT.ANN. art. 5561h, § 4(a)(4) (Vernon Supp. 1982–1983), the testimony of Dr. Clay Griffith concerning appellant's sanity was erroneously admitted over appellant's claim of privilege. Art. 5561h, the psychotherapist-patient privilege statute, provides that "[c]ommunication between a patient/client and a professional is confidential and shall not be disclosed except as provided in Section 4 of this act." The State contends that by admitting the doctor's testimony over appellant's claim of privilege the trial judge impliedly found that the privilege had been waived under the exception appearing in Article 5561h, section 4(a)(4), which provides:

> Section 4(a). Exceptions to the privilege in court proceedings exist:
>
> (4) when the judge finds the patient/client after having been previously informed that communications would not be privileged has made communications to a professional in the course of a court-ordered examination relating to the patient's/client's mental or emotional condition or disorder. . . .

We agree initially with the State's position as to the effect of the trial judge's action. *Cf. Simpson v. State,* 603 S.W.2d 862 (Tex. Cr.App.1980) (holding that a trial judge's admission into evidence of a confession objected to as being involuntary is tantamount to a finding by the court that the confession was voluntary). Still to be considered, however, is the legal and factual propriety of such a ruling.

■ While the record contains no written order, the trial judge, prior to ruling that the doctor's testimony was admissible, heard evidence sufficient to establish that at least an oral order had been pronounced. Dr. Griffith testified that he was ordered by the court to make the examination and that in proceeding to do so he warned the appellant concerning the loss of confidentiality resulting from an Article 5561h examination. Dr. Griffith's report was addressed to the court and his fees were paid by Dallas County. Although the trial judge acknowledged that he had no independent recollection of any particular order, he stated that his general practice was to order a mental status examination every time when, as here, a notice of insanity was filed. Consequently, the trial judge's implied finding on the factual issue undergirding his admission of Dr. Griffith's testimony must stand, and the sole question for our determination is the legal issue of whether the examination in question qualified as being a "court ordered examination" when the order regarding it is merely oral.

■ Our supreme court put to rest the question of the validity of oral pronouncements from the bench first in *Dunn v. Dunn,* 439 S.W.2d 830, 832 (Tex.1969), and subsequently in *Walker v. Harrison,* 597 S.W.2d 913, 915 (Tex.1980). The validity of such judgments was held to be recognized by Rule 306a of the Texas Rules of Civil Procedure, which provides that all judgments and orders shall be reduced to writing but that "absence of any such showing shall not invalidate any judgment or order." The holding was predicated on the supporting principle that entry of a trial judgment was only a ministerial act, from which flows the corollary that an oral order is valid from the time it is officially announced. *UMC, Inc. v. Arthur Brothers, Inc.,* 626 S.W.2d 819, 820 (Tex.App.—Corpus Christi 1981, writ ref'd n.r.e.). Accordingly, because we are obliged in the absence of a contrary showing to presume that the proceedings in the trial court are in all things regular, we uphold the trial court's admission of evidence concerning

Dr. Griffith's examination as a court-ordered examination under Article 5561h and overrule appellant's fifth ground of error.

 The issue presented by appellant's sixth, seventh, and eighth grounds of error concerns the admission, over appellant's objection, of three items of evidence claimed to be inadmissible as the product of an illegal arrest: (1) an oral confession made to Officer Baker immediately after arrest; (2) an oral confession later made to Officer Martinkus; and (3) photographs of the crime scene taken by police incident to the confessions. In support of his grounds, appellant cites authorities, such as *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963), which hold that evidence, whether tangible or verbal, if derived from an unlawful entry or unauthorized arrest, is constitutionally protected as "fruits" of official illegality and must be suppressed. Thus, the issue presented for our determination is whether appellant was under lawful arrest when the evidence in question was obtained by the police. The undisputed evidence bearing on the matter of arrest is as follows: When Officers Baker and Watson came on duty the morning after the murder, they were told by a night duty officer of an eyewitness account of an assault and kidnapping at appellant's house and were given a physical description of appellant. Baker and Watson went to this house to question appellant about the victim. Upon arrival they discovered an unidentified man pushing an unlicensed motorcycle into appellant's open garage. This man, who was identified as Ernest Brandon, acted so nervous that the officers decided to run a check on the motorcycle. Before they could do so, appellant walked into the garage. The officers then checked on the motorcycle, got a report it was stolen, and thereafter without a warrant placed both Brandon and appellant under arrest. Although the arrest was purported to have been made for unauthorized use of a motor vehicle rather than possession of stolen property, the erroneously assigned reason did not vitiate the arrest. *United States v. Saunders*, 476 F.2d 5 (5th Cir.1973). The test for determining whether a warrantless arrest is lawfully made is whether under the facts and circumstances then known a reasonably prudent person could believe a crime had been or was being committed by the arrested person. *Dotsey v. State*, 630 S.W.2d 343, 347 (Tex.App.—Austin 1982, no pet.). We hold that probable cause did exist for appellant's arrest under TEX. CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1977). Because at all material times appellant was under lawful arrest, the complained-of evidence was properly admitted. Appellant's sixth, seventh, and eighth grounds of error are overruled.

 In his ninth ground of error, appellant complains he was denied a fair trial because of oppressive security measures allowed by the court. Appellant showed that a metal detecting device was employed outside the courtroom door and that from four to eight security personnel were in and outside the courtroom at various times. The appellant failed to prove, however, that these security measures were so extraordinary as to prevent a fair trial. Unless the trial judge is shown to have abused his discretion by permitting security precautions not justified by the circumstances, appellant has not demonstrated error. *Alexander v. State*, 160 Tex.Cr. 460, 274 S.W.2d 81 (1954), cert. denied, 348 U.S. 872, 75 S.Ct. 108, 99 L.Ed. 686 (1954). Appellant's ninth ground of error is overruled.

 The tenth ground of error is directed at a portion of the prosecutor's closing argument during the guilt/innocence stage, which appellant characterizes as an attempt to strike at him over his counsel's shoulder by insinuating that counsel fabricated the insanity defense by hand-picking a favorable expert witness on the subject. This ground is overruled because, contrary to appellant's assertion, the argument is clearly directed against appellant, not against his counsel, and is a reasonable deduction from the evidence. *Simpkins v. State*, 590 S.W.2d 129 (Tex.Cr.App.1979).

Affirmed.