Donald Aaron **SMITH**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–86–00645–CR.

Court of Appeals of Texas, Dallas.

Jan. 13, 1989.

Rehearing Denied Feb. 10, 1989.

William A. Bratton, III, Richard A. Anderson, Dallas, for appellant.

Anne B. Wetherholt, Dallas, for appellee.

Before STEWART, BAKER and BURNETT,[1] JJ.

## ON REMAND FROM THE COURT OF CRIMINAL APPEALS

BAKER, Justice.

The issue presented on this remand from the Texas Court of Criminal Appeals, 761 S.W.2d 22, is whether the submission of the unconstitutional parole and good time instructions mandated by article 37.07 of the Texas Code of Criminal Procedure contributed to the jury's assessment of appellant's punishment. We find beyond a reasonable doubt that the submission of these instructions did not contribute to the appellant's punishment and affirm the trial court's judgment.

This is the third time that we have had occasion to consider appellant's conviction in this case. After his first conviction for murder, this Court affirmed the trial court's judgment. *See Smith v. State,* 667 S.W.2d 836 (Tex.App.—Dallas 1984). The

Court of Criminal Appeals granted appellant's petition for discretionary review, reversed the judgment, and remanded for a new trial based upon the finding that the trial court abused its discretion in limiting appellant's voir dire examination of the jury panel. *See Smith v. State,* 703 S.W.2d 641 (Tex.Crim.App.1985). Appellant's second trial resulted in his conviction with punishment set by the jury at sixty years' confinement. On the second appeal, this Court affirmed the judgment rejecting, among others, appellant's points of error that the trial court erred in instructing the jury on the law concerning good time and parole because article 37.07 of the Texas Code of Criminal Procedure upon which these instructions were based is unconstitutional. *See Smith v. State,* 740 S.W.2d 503, 509 (Tex.App.—Dallas 1987). The Court of Criminal Appeals granted appellant's petition for discretionary review based upon its decision in *Rose v. State,* 752 S.W.2d 529 (Tex.Crim.App.1988). That court held that it was trial error to submit the instructions because article 37.07, section 4, is unconstitutional. That court remanded the cause to this Court to conduct a harmless error analysis under Rule 81(b)(2) of the Texas Rules of Appellate Procedure. *See Rose,* 752 S.W.2d at 554; *Haynie v. State,* 751 S.W.2d 878, 879 (Tex. Crim.App.1988).

Rule 81(b)(2) of the Texas Rules of Appellate Procedure provides the general harmless error test to be applied by appellate courts in criminal cases:

If the appellate record in a criminal case reveals error in the proceedings below, the appellate court shall reverse the judgment under review, unless the appellate court determines beyond a reasonable doubt that the error made no contribution to the conviction or to the punishment.

TEX.R.APP.P. 81(b)(2). This standard requires a review of the entire record.

In his first trial appellant was convicted of murder, and the jury assessed a fiftyyear sentence. In his second trial appel-

1. The Honorable Joe Burnett, Justice, succeeded the Honorable Bill J. Stephens, Justice, at the expiration of his term on December 31, 1988. Justice Burnett has read the briefs and reviewed the record.

lant was again convicted, and the jury assessed a sixty-year sentence. The applicable range of punishment in appellant's case was five to ninety-nine years or life imprisonment with the possibility of a fine up to $10,000.00.

There was no mention of parole law during the voir dire of the prospective jurors. The record contains evidence that the appellant administered periodic beatings to the female victim over an extended time of four to five hours. The testimony and physical evidence show the beatings to be particularly brutal and that the victim suffered considerable pain and trauma at the hands of appellant before she died. Appellant presented an insanity defense based upon post-traumatic stress disorder. Appellant contended that his Vietnam combat experiences brought about his post-traumatic stress disorder leading to the events for which he was charged. The State contradicted these insanity assertions in its rebuttal. The jury rejected the defense and found appellant guilty of murder as charged.

At the punishment phase of the trial, the State presented no evidence of any prior convictions. Appellant objected to the two inconsistent instructions on good time and parole law submitted by the trial court under article 37.07, sections 4(a) and (b) of the Texas Code of Criminal Procedure. The charge did not contain any additional mitigating instructions. *See Rose*, 752 S.W.2d at 554. There was no reference to parole or good time law during jury argument at the punishment phase, except for a passing reference by appellant's counsel. The State asked the jury to assess a life sentence and a $10,000.00 fine, both maximum under the range of punishment. Defense counsel requested a probated sentence from the jury. As noted, the jury assessed a sixty-year term with no fine.

During jury deliberations, the jury sent two notes asking questions about the parole and good time instructions. The first question inquired whether parole applies to a life sentence and, if so, how it applied. The second note referred to the inconsistent instructions regarding the effect of good conduct time on eligibility for parole. In each case the court instructed the jury that all the appropriate law and facts were contained in the court's charge, requested the jury to read the charge carefully, and to continue its deliberations.

Following the second note, appellant moved for a mistrial on the ground that the note showed that the jury was confused by the good time and parole instructions and was considering what they were instructed not to consider. Appellant also objected to the form of the court's response to the second note. Appellant's motion for mistrial and objection were overruled by the trial court.

Because of the content of the two jury notes, it can be inferred that the jury considered how the good conduct time and parole law might be applied to the appellant in this particular case. However, the inference that the jury failed to follow the trial court's instruction is not the issue. The question is whether the submission of the instructions and the jury's consideration of the same contributed to the jury's assessment of appellant's punishment. Appellant's argument is that the instructions as submitted by the trial court were inherently confusing, were misleading to the jury, and misstated the applicable law. Although the second note indicates the jury's confusion over the instructions, it can be inferred from the first note that the jury was considering a life sentence which was rejected in favor of a lesser sentence of sixty years.

Because of the extreme callousness of appellant and the reprehensible facts and circumstances of the beatings he administered to the victim, and because the jury assessed a sentence of sixty years as opposed to the maximum demanded by the State, we conclude that the statutory parole instructions did not contribute to appellant's sentence. We hold that the error made no contribution to the punishment assessed beyond a reasonable doubt. TEX. R.APP.P. 81(b)(2).

We affirm the trial court's judgment.