**James W. CLINTON and James C. Stapleton, Appellants,**

**v.**

**Dewey J. HUESTON et al., Appellees.**

**No. 19180.**

United States Court of Appeals
Fifth Circuit.

Oct. 10, 1962.

Rehearing Denied Nov. 19, 1962.

Otto E. Simon, Allan R. Cameron, Mobile, Ala., Moore, Simon & Layden, Mobile, Ala., of counsel, for appellants.

Willis C. Darby, Jr., Kilborn, Darby & Kilborn, Mobile, Ala., for appellees.

Before CAMERON and JONES, Circuit Judges, and DeVANE, District Judge.

JONES, Circuit Judge.

A suit was brought in the Circuit Court of Mobile County, Alabama, seeking an injunction, an injunction pendente lite, and a receiver pendente lite. A temporary injunction was issued by the Alabama court. The cause was removed to the United States District Court and that Court, upon motion, dissolved the state court's injunction and denied a motion to remand. This appeal challenges the

district court's order dissolving the injunction and refusing to remand the cause. The initial issue for our determination is the jurisdictional one. There is no diversity of citizenship but, it is insisted, there is a federal question.

The appellants, James W. Clinton and James C. Stapleton, filed their sworn bill of complaint in the state court on behalf of themselves and other members of Marine Engineers Beneficial Association No. 14, AFL–CIO, and named as defendants Dewey J. Hueston, who is business manager and secretary-treasurer of Local 14, Wright B. Slaughter, who is president of Local 14, and Local 14, a labor organization. The complaint alleged that the plaintiffs were members of Local 14, which was chartered by the National Marine Engineers Beneficial Association, AFL–CIO, herein called National; that there have been disputes between Local 14 and National and that Slaughter and others have instituted legal actions against National without exhausting remedies existing under National's constitution and by-laws and will continue to do so, thereby wasting the funds of Local 14, unless restrained. It was asserted that National had filed charges against Hueston asserting that he, in violation of National's constitution, had filed with it reports understating the membership of Local 14, paid National a per capita tax on less than the full membership of Local No. 14, and collected from the members of Local 14 an unauthorized assessment which he falsely designated as a National tax. In the complaint it was said that National had filed against the local on the same charges as it had made against Hueston as its business manager. If these charges against Local 14 and Hueston are true, say the plaintiffs, National may cancel the charter of Local 14 and the plaintiffs will be unable to get work. There is an allegation that Hueston has been collecting from the members an unauthorized assessment of $10.00, for which he refuses to account. In more detailed statements, the plaintiffs charged that Hueston reported to National a membership of 207, but in his report to the Secretary of Labor filed under the Landrum-Griffin Act he showed that Local 14 had 271 members, thus making false reports to National. The plaintiffs averred that Hueston failed to keep proper records of his collections from members and that his records do not comply with the Landrum-Griffin Act, thus jeopardizing the charter of Local 14. The assets of Local 14, according to the complaint, have a value in excess of $50,-000. Finally, the plaintiffs assert, Hueston fails and refuses to maintain an open and impartial job register. The prayer of the complaint is for (a) a temporary injunction against further litigation with National and using funds of Local 14 for fees and expenses of litigation, (b) the appointment of a receiver for Local 14 to preserve its assets, have its books audited and to operate its business, (c) an order directing all persons having assets of Local 14 to pay them over to the receiver and enjoining the officers and members of Local 14 from interfering with the receiver, and (d) on final hearing making the injunction permanent and holding Hueston and Slaughter liable for any discrepancies in the funds of Local 14 that might be shown to exist.

The Alabama Court issued a temporary injunction as sought by the complaint and directed that a receiver pendente lite be appointed. On April 25, 1961, the day following the issuance of the injunction, the defendants filed a petition for removal to the United States District Court for the Southern District of Alabama. On the same day they filed in the Federal Court a motion to dissolve the injunction which had issued out of the state court. On April 27, 1961, the plaintiffs filed their motion to remand the cause to the Alabama Court. At the hearing on the motion to dissolve and on the motion to remand testimony was taken before the court. The court denied the motion to remand and dissolved the injunction. An interlocutory appeal has been authorized.

■ If the district court would have had original jurisdiction of the action it could be removed from a state court. 28

U.S.C.A. § 1441. District courts are given original jurisdiction where the matter in controversy exceeds $10,000 and arises under the Constitution, laws or treaties of the United States. 28 U.S.C.A. § 1331(a). This Court has considered the manner by which removal jurisdiction in a federal question case is to be determined, and has said:

"We look solely to the facts set out in the complaint to determine this issue. The federal question necessary to sustain jurisdiction must be an essential element of the plaintiff's cause of action.

"Not every question of federal law emerging in a suit is the basis of the suit. Even an action that takes its origin in the laws of the United States is not necessarily one arising under those laws. It must really and substantially involve a controversy respecting the validity or construction of such laws, and the determination of the cause must depend upon such validity or construction." Armstrong v. Alliance Trust Co., 5th Cir. 1942, 126 F.2d 164. See also Bentley v. Halliburton Oil Well Cementing Co., 5th Cir., 1949, 174 F.2d 788; 76 C.J.S. Removal of Causes § 305, p. 1151.

If any presumption exists it is that a case is outside federal jurisdiction. Hanford v. Davies, 163 U.S. 273, 16 S.Ct. 1051, 41 L.Ed. 157; Armstrong v. Alliance Trust Co., supra.

■ The Labor Management Reporting and Disclosure Act of 1959, commonly known as the Landrum-Griffin Act, 29 U.S.C.A. § 401 et seq., contains a congressional finding that there have been breaches of trust and failures in the observance of high standards of responsibility in the labor and management fields. The Act was passed for the purposes declared including the elimination of improper practices. 29 U.S.C.A. § 401. The Act incorporates a Bill of Rights. It prohibits the levy of assessments except such as have been regularly adopted by a vote of a local union or the delegates of a federation or international union. 29 U.S.C.A. § 411(a) (3). The complaint charges that Hueston, without legal authority, has been assessing each member of Local 14. Jurisdiction over actions for violations of the Bill of Rights provisions is expressly conferred on the federal courts. 29 U.S.C.A. § 412. The Landrum-Griffin Act requires union officers to hold the money and property of the union solely for the benefit of the organization and its members. 29 U.S.C.A. § 501(a). It is asserted by Clinton and Stapleton that Slaughter and others have wrongfully expended union funds in needless and vexatious litigation with National. For violation of the duty to properly hold and expend union funds, suit may be brought in federal or state courts. 29 U.S.C.A. § 501(b). See Highway Truck Drivers and Helpers Local 107 v. Cohen, D.C.E.D.Penn., 182 F.Supp. 608, aff. 3 Cir., 284 F.2d 162, cert. den. 365 U.S. 833, 81 S.Ct. 747, 5 L.Ed.2d 744.

As the name of the Landrum-Griffin Act suggests, one of its principal features is the requirement for filing with the Secretary of Labor by labor organizations of detailed annual reports of their financial condition and operations. In their complaint the appellants allege that the reports filed by Hueston for Local 14 were inaccurate and false. The statute provides criminal penalties for violations of the reporting requirements. 29 U.S.C.A. § 439. The Secretary is given a right, which seems to be limited to him, for obtaining appropriate relief in the federal district courts. 29 U.S.C.A. § 440.

■ If the appellants have pleaded any facts which give rise to any cause of action enforceable by them, those rights are federally protected and the federal courts have jurisdiction in an action for their enforcement. The removal was proper.

Although the appellants have specified as error the district court's order vacating the injunction entered by the state court, this question is not mentioned in their brief except in saying that the district court, "being in error in not remanding the case," it was in error in dis-

solving the temporary injunction. We see no justification for the entry of the temporary injunction and no error in the entry of the order dissolving it.

We decide that the order before us was properly entered. In so doing we do not intimate that the appellants are or may be entitled to any relief. If a cause of action upon which relief can be granted has been stated, that cause of action is within the federal ambit and the case was properly removed. The district court's order is

Affirmed.