Elizabeth C. DeCARLO, Plaintiff-
Appellant,

v.

TARRANT CITY BOARD OF EDU-
CATION, Defendant-Appellee.

No. 72–3092

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Feb. 15, 1973.

Arthur Parker, J. Louis Wilkinson, Birmingham, Ala., for plaintiff-appellant.

James M. Tingle, Birmingham, Ala., for defendant-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, Elizabeth C. DeCarlo, is one of two tenured high school teachers in the Tarrant City, Alabama School System who was transferred to teach in elementary school after students were reshuffled out of the school system pursuant to a federal desegregation order.[1] Lee v. Macon County Bd. of Educ., N.D. Ala., 321 F.Supp. 1. DeCarlo, claiming that her tenured status was wrongly ignored when she was selected for the involuntary transfer, demanded and re-

---

* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York, 5 Cir. 1970, 431 F.2d 409, Part I.

1. The order provided only for the transfer of pupils and made no specific mention of faculty transfers.

ceived a hearing before the Tarrant City School Board to contest the transfer. *See* Title 52 of the 1940 Ala.Code § 356. The Board rejected her claim, as did the State Tenure Commission to which she appealed the Board's decision. She next sought judicial review in state court by way of statutory mandamus. *See* Title 52 of the 1940 Ala.Code § 361. The School Board then removed the suit to federal district court pursuant to 28 U. S.C. § 1441. After a hearing on stipulated facts, the United States District Court upheld the Tenure Commission finding that under Alabama law appellant's tenure rights did not preclude this transfer. DeCarlo brings this appeal claiming (1) the federal district court lacked jurisdiction over her claim, and (2) the district court erred on the merits. Since we find that the district court lacked jurisdiction and should have remanded the suit back to the state court, we vacate the district court's order without reaching the merits.

As a general matter, in order for a district court to exercise jurisdiction after a case has been removed from state court, the action must be one that would have been cognizable under the original jurisdiction of the federal district court. In a removal case, "the federal question necessary to sustain jurisdiction must be an essential element of the plaintiff's cause of action." Armstrong v. Alliance Trust Co., 5 Cir. 1942, 126 F.2d 164, 166; Clinton v. Hueston, 5 Cir. 1962, 308 F.2d 908, 910. Here, the removed lawsuit was a petition for review by mandamus of a state administrative decision holding that under Alabama law, tenure need not be considered in a transfer situation. The only grounds upon which a transfer can be attacked under Alabama law are that it was for "political or personal reasons" or is "arbitrarily unjust." DeCarlo's claim is that since she was transferred without her tenure even being considered, such transfer was "arbitrarily unjust" under Alabama law.

The sole basis alleged and argued for upholding federal jurisdiction is that since DeCarlo's transfer was a direct result of the pupil shift mandated by the federal desegregation order, the case should be adjudicated by the court that instigated the controversy. This argument goes too far and is an unnecessary and unprecedented extension of federal judicial business.

The district court explicitly found:

"There is no claim that the prescribed procedures were not followed or that there has otherwise been any denial of procedural due process. Plaintiff, a white, does not contend that her transfer was tainted by any racial bias, nor does the board assert that its selection of plaintiff rather than other teachers was dictated by the requirements of faculty desegregation orders. There is no charge that plaintiff was transferred for 'political or personal reasons' . . . ."

"As ultimately refined, the issue is very narrow: whether the board's acknowledged failure to consider plaintiff's tenure and length of service as even a factor in determining who should be transferred renders its decision 'unjust' within the meaning of applicable Alabama statutes."

In short, the *only* question in the case, from the very beginning, was purely one of Alabama state law. The fact that the factual genesis of the issue in dispute was indirectly a federal desegregation order does not automatically render the suit amenable to federal jurisdiction. This is not a case where the outcome has any potential effect on the success of the desegregation order. *Cf.* Mills v. Birmingham, 5 Cir. 1971, 449 F.2d 902. There is no contention of any sort that the federal order is not being complied with or that it is being tampered with in any way. Despite the indirect factual nexus, the specific tenure question raised in the initial pleadings, the only question in the case, is presented to the federal court in a wholly nonfederal context. Under these circumstances we feel that the jurisdictional umbrella, which covers all matters rea-

1028

sonably related to the effectuation of the desegregation order, does not extend this far. This is purely a matter of state law that should have been left to the state court.

We therefore vacate the district court order and remand with instructions for the district court to remand the case back to the state court.

Vacated and remanded.