667 F.2d 1371
 Samuel DAVIS, E. Leon Green and Alice Fay Price, Plaintiffs-Appellants,
v.
CLUET, PEABODY & COMPANY, d/b/a Lady Arrow Shirt Co., J.
Kirk Barefoot, George Harris, John Knighton,
William Morrone, Defendants-Appellees.
 No. 81-7226.
 United States Court of Appeals,
Eleventh Circuit.
 Feb. 16, 1982.
 
 Hill, Jones & Associates, P. C., Joseph Jones, Jr., Atlanta, Ga., for plaintiffs-appellants.
 Charles M. Shaffer, Jr., J. Kevin Buster, Atlanta, Ga., for defendants-appellees.
 Appeals from the United States District Court for the Northern District of Georgia.
 Before TUTTLE, HILL and JOHNSON, Circuit Judges.
 JOHNSON, Circuit Judge:
 
 
 1
 Plaintiffs sued defendants in state court on claims arising out of plaintiffs' alleged involuntary detention by defendants during an investigation of thefts at a company plant.[1] They later amended their complaints, charging that defendants' actions had violated plaintiffs' Fourteenth Amendment rights. Defendants removed the case to federal court, alleging that plaintiffs' Fourteenth Amendment claims raised federal questions and therefore gave the district court jurisdiction to remove and hear the cases under 28 U.S.C.A. § 1441.[2] The district court denied a motion by plaintiffs to remand the case to state court pursuant to 28 U.S.C.A. § 1447(c)[3] because of the absence of any federal question. The court later dismissed the case, citing plaintiffs' repeated refusal to follow federal and local procedural rules and court orders and the "apparent merit" of defendants' motion for summary judgment. Plaintiffs appeal.
 
 
 2
 Our initial inquiry must concern whether the district court ever had subject matter jurisdiction over the cases and so was correct in denying plaintiffs' motion to remand. The Supreme Court has limned a liberal standard to guide the courts in determining whether a federal question is substantial enough to allow the federal courts to take jurisdiction. Unless a question is "so unsubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy", the federal courts have subject matter jurisdiction. Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666, 94 S.Ct. 772, 776, 39 L.Ed.2d 73 (1974) (citations omitted); see also, e.g., Hagans v. Lavine, 415 U.S. 528, 536-43, 94 S.Ct. 1372, 1378-82, 39 L.Ed.2d 577 (1974); Bell v. Hood, 327 U.S. 678, 683, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946).[4] Even under such a broad gauge we hold that the federal question in this case was so totally devoid of merit that the district court should not have assumed jurisdiction. Plaintiffs do state that defendants violated their Fourteenth Amendment rights. The language of the Fourteenth Amendment itself[5] and cases interpreting the amendment, see, e.g., United States v. Price, 383 U.S. 787, 799, 86 S.Ct. 1152, 1159, 16 L.Ed.2d 267 (1966); Evans v. Newton, 382 U.S. 296, 298-99, 86 S.Ct. 486, 487-88, 15 L.Ed.2d 373 (1966), make clear, however, that a Fourteenth Amendment claim must include some element of state action. Purely private actions are not subject to the strictures of the Fourteenth Amendment. Plaintiffs' complaints make no claim that state action was involved. Even absent such an explicit claim, if plaintiffs had made some allegation that we might interpret possibly to raise the issue of state action, we would hold that a substantial federal question was presented that would provide subject matter jurisdiction and allow a decision by the district court on the merits of the complaint. See Allman v. Hanley, 302 F.2d 559, 561 (5th Cir. 1962). By no stretch of the imagination, however, can we construe any statement in plaintiffs' complaint to raise the issue of possible state action. Indeed, even looking beyond plaintiffs' complaint to examine the entire record of the case,[6] we find no allegation by any party that might conceivably involve state action. The district court erred in denying plaintiffs' motion to remand.[7]
 
 
 3
 At oral argument the issue was raised as to whether we might uphold the district court's dismissal of the case for plaintiffs' misfeasance, despite the absence of subject matter jurisdiction, because the court's action was not actually on the merits. Because the district court has authority to consider the case pending a determination that it lacked subject matter jurisdiction and because while it is considering the case the parties must comply with procedural rules and court orders, one might argue that a court may dismiss a suit for a party's misfeasance though it ultimately determines that subject matter jurisdiction does not exist. On the facts of this case, we reject such an argument. First, we note that the ambiguity of the district court's opinion makes it unclear whether or not that court actually was granting summary judgment on the merits. In any event, even assuming that the court only dismissed for plaintiffs' misfeasance, we could not uphold such action in the absence of subject matter jurisdiction. The major portion of plaintiffs' actions that served as the basis for the court's order occurred after the motion to remand was denied and most of the actions were not connected with the dispute over subject matter jurisdiction. We do not find it appropriate here for the district court to have imposed the sanction of dismissal, thus disposing of the proceeding, even though it had no authority to rule on the merits in the first place.[8] Such an act would "work a wrongful extension of federal jurisdiction and give the district courts power the Congress has denied them." American Fire & Cas. Co. v. Finn, 341 U.S. 6, 18, 71 S.Ct. 534, 542, 95 L.Ed. 702 (1951) (reversing entry of judgment after removal by court without jurisdiction).[9]
 
 
 4
 The order of the district court is REVERSED and REMANDED with instructions that the court set its judgment aside and remand the cases to state court.
 
 
 
 [1]
 Plaintiffs brought suit separately; they appeal jointly
 
 
 [2]
 28 U.S.C.A. § 1441 provides in part:
 (b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
 (c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.
 
 
 [3]
 28 U.S.C.A. § 1447(c) provides:
 If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case, and may order the payment of just costs. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case.
 
 
 [4]
 Plaintiffs appear to assert that, under DeCarlo v. Tarrant City Bd. of Educ., 473 F.2d 1026, 1027 (5th Cir. 1973), a federal question must be essential to their cases for there to be federal jurisdiction. DeCarlo, however, dealt only with whether a particular claim could be characterized as raising a federal question and found that, for there to be a federal question, federal elements involved must be essential or basic, not merely collateral, to the claim. See 1A Moore's Federal Practice P 0.160, at 189-92 (1981). DeCarlo did not hold that a federal question must be essential to plaintiff's entire case for federal courts to have jurisdiction
 
 
 [5]
 The Fourteenth Amendment provides, in part, that
 (n)o state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
 
 
 [6]
 In determining whether a substantial federal question is present in a case, we may go beyond a plaintiff's complaint to look at facts present in the entire record. See Villarreal v. Brown Express, Inc., 529 F.2d 1219, 1221 (5th Cir. 1979); 14 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 3734 (1976)
 
 
 [7]
 We emphasize that we do not hold that a court would not have jurisdiction if plaintiff, through raising a federal question, would not prevail on the merits
 (F)ederal jurisdiction exists if the complaint states a case arising under federal law, even though on the merits the party may have no federal right. If his claim is bad, then judgment is to be given against him on the merits, and even if the court is persuaded that federal law does not give the right the party claims, it is to dismiss for failure to state a claim on which relief can be granted rather than for want of jurisdiction. Dismissal for want of jurisdiction is appropriate only if the federal claim is frivolous or a mere matter of form.
 C. Wright, Law of Federal Courts 72 (3d ed. 1976).
 
 
 [8]
 We emphasize that we are not dealing here with the misfeasance of a party solely involving procedures connected with a court's determination of whether it has subject matter jurisdiction. The federal courts have jurisdiction to determine whether they have jurisdiction to hear a case, see United States v. United Mine Workers, 330 U.S. 258, 67 S.Ct. 677, 91 L.Ed. 884 (1947); C. Wright, supra note 7, at 58, and therefore have authority to sanction parties for misfeasance connected with the determination of whether jurisdiction exists
 
 
 [9]
 Although we rule that, because of lack of jurisdiction, we cannot affirm the district court's order dismissing the case for plaintiffs' misfeasance, we note that we agree with the district court's evaluation of plaintiffs' conduct. They flouted procedural rules and court orders so often and in such a manner as to render untenable to us their contention that their misfeasance was merely the product of their inattentiveness. However, although we realize that the court had already once taxed costs against plaintiffs' counsel for their improper conduct, we believe that a remedy more appropriate than dismissal, which penalized the parties themselves, would have been further sanctions against counsel, which would have penalized the persons actually responsible for the improper conduct