**HABER OIL COMPANY, INC., Appellant,**

v.

**STANLEY SWABBING AND WELL SERVICE, INC., d/b/a Stanley Well Service, Inc., and Monument Energy Services, Inc., Appellees.**

No. 09–86–177 CV.

Court of Appeals of Texas, Beaumont.

Dec. 10, 1987.

Robert J. Malone, Crain, Caton, James & Womble, Houston, for appellant.

J. Michael Bell and Steven D. Strickland, Baker, Brown, Sharman & Parker, Houston, for appellees.

OPINION

DIES, Chief Justice.

Appellees are in the business of furnishing equipment and other services for oil and gas wells. They sued Appellant for about $600,000 alleging Appellant owed for labor and materials furnished by Appellees. An affidavit of Appellees' president was attached to the petition stating, inter alia, that the sums stated are due and owing and that all just and lawful offsets, payments and credits have been allowed, pursuant to *TEX.R.CIV.P. 185.* Service was obtained on Appellant on September 20, 1985. On September 23, 1985, an order for expedited discovery was entered requiring J.D. Haber, the president of Appellant, to appear for his deposition and to produce certain documents for inspection on October 3, 1985, in the offices of Appellees' attorney. The motion for discovery, the court's order, and a subpoena duces tecum were served on Haber on October 1, 1985. On October 2, 1985, Appellant filed a motion alleging Haber was too busy to depose. A hearing was had on Appellant's motion to postpone on *October 8, 1985,* following which the trial court ordered Appellant to produce the documents requested by November 5, 1985, and ordered Haber to appear for his deposition on November 7, 1985. No formal order was entered but it is undisputed that Haber understood the court's order.

On October 18, 1985, the case was removed to the federal court in Houston. Appellant did not observe the order to produce its documents, or tender Haber for deposition. On December 18, 1985, the United States district judge remanded the case to the state court.

After remand, Appellant later offered to produce Haber for deposition, but without the documents ordered by the trial court. Appellees moved for sanctions. On February 18, 1986, the trial court struck Appellant's pleadings and, on May 14, 1986, after a motion, granted Appellees a summary judgment against Appellant. The latter appeals to this court. Appellant urges the trial court abused its discretion in granting sanctions and refusing Appellant a jury trial.

*TEX.R.CIV.P. 215, subd. 2,* in pertinent part, provides:

"b. *Sanctions by Court in Which Action is Pending.* If a party or an officer ... of a party ... fails to comply with proper discovery requests or to obey an order to provide or permit discovery ... the court in which the action is pending may, after notice and hearing, make such orders in regard to the failure as are just, and among others the following:

\*     \*     \*     \*     \*     \*

"(5) An order striking out pleadings or parts thereof ... or dismissing with or without prejudice the action or proceedings or any part thereof, or rendering a judgment by default against the disobedient party."

▮ Appellant twice failed to comply with Judge Woods' orders. An order may be orally pronounced in open court, and the rendition of an order is not determined by the date it was signed. *Walker v. Harrison,* 597 S.W.2d 913 (Tex.1980); *UMC, Inc. v. Arthur Brothers, Inc.,* 626 S.W.2d 819 (Tex.App.—Corpus Christi 1981), *writ ref'd n.r.e. per curiam,* 647 S.W.2d 244 (Tex. 1982). It seems obvious to us that Appellant's removal of the case was to thwart Judge Woods' order. Appellant removed the suit to federal court on the ground of federal question jurisdiction. The federal question alleged in the removal petition was not raised by Appellees' petition, but rather by Appellant's counterclaim. In removal cases, federal trial courts have no jurisdiction over federal issues which were not an essential element of the plaintiff's cause of action in the state court. *See DeCarlo v. Tarrant City Board of Education,* 473 F.2d 1026 (5th Cir.1973); *Henry v. First National Bank of Clarksdale,* 595 F.2d 291 (5th Cir.1979), *rehearing denied,* 601 F.2d 586, *cert. denied,* 444 U.S. 1074, 100 S.Ct. 1020, 62 L.Ed.2d 756 (1980). Appellant made no attempt to keep the case in the federal court.

Furthermore, *28 U.S.C.A. sec. 1450* (West 1973) provides, in part:

"All injunctions, orders and other proceedings had [in the state court] action prior to its removal shall remain in full

force and effect until dissolved by the District Court."

Appellant does not deny its knowledge of the October 8th hearing and order but argues they were unreasonable and unjustified. Severe sanctions must be available to secure compliance with the discovery rule, and prevent just claims from dragging on and on in courts. *See National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747, 751 (1976); *Southern Pacific Transportation Company v. Evans*, 590 S.W.2d 515, 518 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.), *cert. denied*, 449 U.S. 994, 101 S.Ct. 531, 66 L.Ed.2d 291 (1980); Kilgarlin and Jackson, *Sanctions for Discovery Abuse Under New Rule 215*, 15 ST. MARY'S L.J. 767 (1984); Spears, *The Rules of Civil Procedure: 1981 Changes in Pretrial Discovery*, 12 ST. MARY'S L.J. 633 (1981).

Judicial reluctance to employ the sanctions now at their disposal only allow parties to impede litigation and increase the already too expensive cost to clients. *See* Pope and McConnico, *Practicing Law With the 1981 Texas Rules*, 32 BAYLOR L.REV. 457, 467–468 (1981).

Our Texas Supreme Court has, we think, made it quite clear that a trial court has broad discretion to impose sanctions. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238 (Tex.1985). At pages 241–242 of this landmark decision, the courts of appeal are told that the issue is not whether in our opinion the facts warrant the trial court's action, but whether or not the court acted without "reference to *any* guiding rules and *principles*." (emphasis added).

And, in this we look to the Texas Rules of Civil Procedure, and particularly *Rule 215*, in part above set forth. We are unable to conclude that Judge Woods' orders are "capricious, arbitrary or unreasonable" (*Downer, supra*), and thus overrule all of Appellant's points of error.

The judgment or order is affirmed.