**John V. THOMAS**

v.

**OHIO CASUALTY GROUP OF INSURANCE COMPANIES,**
et al.

**No. CIV. A. G–98–065.**

United States District Court,
S.D. Texas,
Galveston Division.

May 15, 1998.

---

Stephen R Kirklin, Kirklin Boudreaux et al, Houston, TX, for Plaintiffs.

Owen H Ellington, Jr., Attorney at Law, Houston, TX, for Defendants.

## ORDER GRANTING MOTION TO REMAND, DENYING DEFENDANTS' MOTION TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR SANCTIONS

KENT, District Judge.

Plaintiff filed this action in the 149th District Court of Brazoria County on January 2, 1998, alleging breach of contract, misrepresentation, negligence, violations of the Texas Insurance Code, TEX. INS. CODE ANN. arts. 21.55, 21.21, and violation of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE ANN. §§ 17.41–17.63. Defendants timely removed the case to this Court on January 30, 1998. Now before the Court is Plaintiff's Motion to Remand, Plaintiff's Motion for Sanctions for Improper Removal, Defendants' Response to Plaintiff's Motion to Remand, and Defendants' Motion to Dismiss. For the reasons set forth below, Plaintiff's Motion to Remand is GRANTED, Defendants' Motion to Dismiss is DENIED, and Plaintiff's Motion for Sanctions is DENIED. Consequently, this case is hereby remanded to the 149th District Court of Brazoria County.

## I. REMOVAL

Plaintiff originally brought this action in state court against his insurance agent, a resident of Texas for diversity purposes, and two insurance companies, who are not residents of Texas. Plaintiff alleges breach of contract, misrepresentation, negligence, violations of the Texas Insurance Code, and deceptive trade practices. Defendants removed the case to this Court on the basis of diversity jurisdiction. See 28 U.S.C. § 1441. At the outset, the Court notes that the removing party bears the burden of establishing the basis for federal jurisdiction. See Gaitor v. Peninsular & Occidental S. S. Co., 287 F.2d 252, 253–54 (5th Cir.1961). "If any presumption exists [regarding jurisdiction] it is that a case is outside federal jurisdiction." Clinton v. Hueston, 308 F.2d 908, 910 (5th Cir.1962); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) (noting that removal jurisdiction is strictly construed and any doubts are resolved against removal).

Defendants allege jurisdiction in this case based upon diversity of citizenship. Of course, diversity jurisdiction exists in Federal Court when the parties to the action reside in different states and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332. Defendants concede that, although

required, complete diversity does not exist in this case, because Defendant Sullivan Insurance Agency, Incorporated ("Sullivan"), like Plaintiff, is a "resident" of Texas. However, Defendants argue that Sullivan was fraudulently joined to defeat diversity jurisdiction. If Plaintiff has a viable claim against Sullivan, diversity jurisdiction will be defeated and the case must be remanded to state court. *See id.* § 1447(c).

The burden of proving fraudulent joinder is a heavy one. In order to prove that a nondiverse defendant was fraudulently joined in a case to defeat diversity jurisdiction, the removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir.1996); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "If the plaintiff has any possibility of recovery under state law against the party whose joinder is questioned, then the joinder is not fraudulent in fact or law." *Burden v. General Dynamics Corp.,* 60 F.3d 213, 216 (5th Cir.1995). In assessing a fraudulent joinder claim, the Court must evaluate all of the contested factual allegations in the light most favorable to the plaintiff. In addition, the Court must resolve any uncertainties concerning the current status of controlling state substantive law in favor of the plaintiff. *See Sid Richardson,* 99 F.3d at 751; *Burden,* 60 F.3d at 216. "After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990); *see also Burden,* 60 F.3d at 216.

Sullivan is the insurance agent who sold Plaintiff the insurance policy that forms the basis of this lawsuit. Defendants argue that Texas law does not recognize a breach of contract action against an insurance agent who sells the policy to the plaintiff. Defen-dants' contention may be true; Defendants are merely restating the long-standing common-law tradition that when an agent is acting within the scope of his authority, it is shielded from liability by its principal. *See Corpus Christi Dev. Corp. v. Carlton,* 644 S.W.2d 521, 523 (Tex.App.—Corpus Christi 1982, no writ). However, as this Court reads the Complaint, Plaintiff's claims against Sullivan, the insurance agent, are not for breach of contract, but instead allege misrepresentation and violation of the DTPA, for affirmative representations made outside Sullivan's scope of authority. In *State Farm Fire & Cas. Co. v. Gros,* 818 S.W.2d 908 (Tex.App.—Austin 1991, no writ), an agent affirmatively misrepresented the scope of coverage for a homeowner's insurance policy. The *Gros* court clearly held that the affirmative misrepresentations by the agent made her individually liable under the DTPA. *See id.* at 913. Several other Texas courts have allowed the insured to entertain DTPA suits against insurance agents. *See, e.g., Light v. Wilson,* 663 S.W.2d 813, 815 (Tex.1983) (Spears, J., concurring) (holding that an agent can be individually liable for violations of DTPA); *Hart v. Berko, Inc.,* 881 S.W.2d 502, 505 (Tex.App.—El Paso 1994, writ denied) (upholding jury's finding that both the insurer and agent were liable under both the DTPA and Texas Insurance Code); *GAB Business Services v. Moore,* 829 S.W.2d 345, 349 (Tex.App.—Texarkana 1992, no writ); *Watkins v. Hammerman & Gainer,* 814 S.W.2d 867, 869 (Tex.App.—Austin 1991, no writ) (allowing a DTPA suit against a claims adjuster to survive summary judgment); *Hartford Cas. Ins. v. Walker County Agency,* 808 S.W.2d 681, 687 (Tex.App.—Corpus Christi 1991, no writ); *Schwarz v. Straus–Frank Co.,* 382 S.W.2d 176, 178 (Tex.App.—San Antonio 1964, writ ref'd n.r.e.) (holding that an agent acting outside the scope of his authority is individually liable). The numerous Texas cases cited above clearly illustrate that when an agent makes an affirmative misrepresentation of fact or acts outside the scope of its authority, it can be held individually liable. Therefore, Defendants' Motion to Dismiss is hereby DENIED.

To prove fraudulent joinder, Defendants need to establish that no possible cause of action exists against Defendant Sullivan. This they have failed to do. The weight of Texas case law convinces this Court that a DTPA suit may be brought against an insurance agent in its individual capacity. Therefore, because it appears that Plaintiff has at least one viable claim against Sullivan, this Court finds that complete diversity does not exist in this case, and the Court lacks subject matter jurisdiction. This case must therefore be remanded to the state court from whence it came. Plaintiff's Motion to Remand is **GRANTED**.

## II. SANCTIONS

■ Section 1447(c) allows the Court to award just costs and reasonable attorney's fees incurred as a result of an improper removal. *See* 28 U.S.C. § 1447(c). Given this Court's finding that removal was improper, the imposition of both costs and attorneys' fees against Defendants may be awarded in this Court's discretion. *See Miranti v. Lee,* 3 F.3d 925, 928 (5th Cir.1993). While the Fifth Circuit has upheld the awarding of sanctions for improper removal without requiring a finding of bad faith, it has held that the nonremovability of the action must be obvious. *See News–Texan, Inc. v. City of Garland, Texas,* 814 F.2d 216, 220 n. 10 (5th Cir.1987) It appears that Defendants removed this case in good faith. Moreover, the Court finds that whether the case was removable was not obvious. Thus, because Defendants, although in error, arguably had an objectively reasonable basis for removal, Plaintiff's Motion for Sanctions is **DENIED**.

For the reasons set forth above, Plaintiff's Motion to Remand is **GRANTED**, Defendants' Motion to Dismiss is **DENIED**, and Plaintiff's Motion for Sanctions is **DENIED**. This case is hereby remanded to the 149th Judicial District Court of Brazoria County, Texas, pursuant to 28 U.S.C. § 1447(c). The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file no further pleadings on these issues in this Court, including motions to reconsider or the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise ...."); *Hopkins v. Dolphin Titan Int'l, Inc.,* 976 F.2d 924, 925 (5th Cir.1992) (holding that a remand of a maritime claim for lack of removal jurisdiction may not be reviewed by appeal or otherwise).

**IT IS SO ORDERED.**