DOW CHEMICAL COMPANY

v.

UNION PACIFIC CORPORATION and
Union Pacific Railroad Company.

No. CIV.A. G–98–187.

United States District Court,
S.D. Texas,
Galveston Division.

June 25, 1998.

Craig B. Glidden, Glidden Partners, David J. Beck, Beck Redden and Secrest, Houston, TX, for Plaintiff.

Taylor M. Hicks, Jr., Hicks, Thomas and Lilienstern, Houston, TX, for Defendants.

### ORDER GRANTING MOTION TO REMAND

KENT, District Judge.

In this case, Plaintiff seeks remedy for alleged economic injuries suffered as a result of shipment delays experienced by Union Pacific, who was acting as a contract carrier. Plaintiff filed this action in the 23d Judicial District Court in Brazoria County, Texas. Defendants timely removed the case to this Court. Now before the Court are Plaintiff's Motion to Remand, Defendants' Motion to Dismiss, and Defendants' Motion for a More Definite Statement. For the reasons set forth below, Plaintiff's Motion to Remand is **GRANTED**. The other Motions are not reached.

The removing party bears the burden of establishing the basis for federal jurisdiction. *See Gaitor v. Peninsular & Occidental Steamship Co.,* 287 F.2d 252, 253–54 (5th Cir.1961).[1] In their Response to Plaintiff's Motion to Remand, Defendants allege that the Carmack Amendment controls Plaintiff's claims and therefore jurisdiction exists under 28 U.S.C. § 1331. It is undisputed that Plaintiff and Defendants entered into several contracts regarding the shipment of goods. Plaintiff's claims before the Court are primarily contractual ones for damages allegedly suffered due to Defendants' shipping delays. The Carmack Amendment specifies

---

1. "If any presumption exists [regarding jurisdiction] it is that a case is outside federal jurisdiction." *Clinton v. Hueston,* 308 F.2d 908, 910 (5th Cir.1962); *see also Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (noting that removal jurisdiction is strictly construed and any doubts are resolved against removal).

that federal law controls liability for goods lost or damaged during interstate shipments. *See* 49 U.S.C. § 11706. In *Adams Express Co. v. Croninger*, 226 U.S. 491, 33 S.Ct. 148, 57 L.Ed. 314 (1913), the Supreme Court declared that *via* the Carmack Amendment, Congress had totally preempted state regulation of the liability of common carriers. *See id.* at 505, 33 S.Ct. at 155 (noting "the national law is paramount and supersedes all state laws as to the rights and liabilities" of carriers). Thus, it is well established that if the Carmack Amendment applies to Plaintiff's claims, Plaintiff's state law claims are preempted and federal jurisdiction exists.

Of course, Plaintiff argues that the Carmack Amendment does not preempt its claims, because the various contracts at issue are controlled by 49 U.S.C. § 10709, rather than the Carmack Amendment (§ 11706). Section 10709 provides:

(a) One or more rail carriers providing transportation subject to the jurisdiction of the Board under this part may enter into a contract with one or more purchasers of rail services to provide specified services under specified rates and conditions.

(b) A party to a contract entered into under this section shall have no duty in connection with services provided under such contract other than those duties specified by the terms of the contract.

(c)(1) A contract that is authorized by this section, and transportation under such contract, shall not be subject to this part, and may not be subsequently challenged before the Board or in any court on the grounds that such contract violates a provision of this part.

(2) The exclusive remedy for any alleged breach of a contract entered into under this section shall be an action in an appropriate State court or United States district court, unless the parties otherwise agree. *This section does not confer original jurisdiction on the district courts of the United States based on section 1331 or 1337 of title 28, United States Code.*

. . .

(f) A rail carrier that enters into a contract as authorized by this section remains subject to the common carrier obligation set forth in section 11101, with respect to rail transportation not provided under such a contract.

49 U.S.C. § 10709.

It is clear that the purpose of § 10709 is to allow parties the ability to alter federal mandates, or to avoid federal control and oversight over rail contracts. Moreover, the statute also makes clear that it creates no federal jurisdiction itself, which reinforces the statute's intent to avoid federal intervention. Defendants do not dispute that the contracts at issue were entered under the auspices of § 10709,[2] but instead, argue that the Carmack Amendment is still implicated due to a passing reference made to it in Contract 7043A, one of the many contracts entered into by the parties. That Contract provides:

Section 12. *Liability and Claims*

Dow agrees not to file any claim for freight loss or damage when the amount of proven loss or damage is less than two hundred ($200.00) per railcar (Minimum Claim Amount). If Dow's proven loss or damage is determined to be in excess of the Minimum Claim Amount, the Minimum Claim Amount shall be deducted from any claim against railroad for loss or damage to commodity. In all other respects, claims shall be processed in accordance with the provisions of 49 U.S.C. § 11706 and C.F.R. Part 1005.

▮▮▮ In Texas, the language used by the parties to a contract should be accorded its plain grammatical meaning, unless it definitely appears the intention of the parties would thereby be defeated. *See Reilly v. Rangers Management, Inc.*, 727 S.W.2d 527, 529 (Tex.1987); *Lyons v. Montgomery*, 701 S.W.2d 641, 643 (Tex.1985). If the contract is worded so that it can be given a certain and definite meaning or interpretation, it is not ambiguous; therefore, the Court will construe the contract as a matter of law. *See Coker v. Coker*, 650 S.W.2d 391, 393 (Tex.

**2.** Defendants state that whether § 10709 confers federal jurisdiction is irrelevant. The Court dis-

agrees.

1983). From a plain reading of the contractual provision upon which Defendants rely, it is clear that the intent of the parties was not to bring the entire contract within the parameters of the Carmack Amendment.[3] Instead, the plain language of the provision reveals that the parties, for whatever reason, intended to subject any claims only to the specific claim processes described in that Amendment. Defendants' argument fails.

Finally, Defendants argue that even if the cited contractual provision does not invoke the Carmack Amendment, it still controls because, in this case, there is no difference between a contract carrier and a common carrier. In essence, Defendants' contention here is that the existence of contracts and the applicability of the Carmack Amendment are not mutually exclusive. Again, the Court disagrees. The very purpose of § 10709 is to allow contracting parties to avoid the entire federal regulatory scheme, of which the Carmack Amendment is a part. Thus, not only is Defendants' argument contrary to the plain language of § 10709, but it also contravenes the purpose of that statute. Although the burden rests here with Defendants, they have failed to convince this Court that it has jurisdiction over Plaintiff's causes of action. Therefore, Plaintiff's Motion to Remand is **GRANTED.**

After considering the basis for federal jurisdiction proffered by Defendants, the Court finds that it lacks subject matter jurisdiction over this case and, therefore, Plaintiff's Motion to Remand is **GRANTED.** The Court does not reach Defendants' Motion to Dismiss or Motion for a More Definite Statement. This case is hereby remanded to the 23d Judicial District Court of Brazoria County, Texas, pursuant to 28 U.S.C. § 1447(c). The parties are **ORDERED** to bear their own taxable costs and expenses incurred herein to date. The parties are also **ORDERED** to file *no further pleadings* on these issues in this Court, including motions to reconsider or the like. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the courts of the State of Texas, as may be appropriate in due course. *See* 28 U.S.C. § 1447(d) ("An order remanding a case to the

State court from which it was removed is not reviewable on appeal or otherwise ...."); *Hopkins v. Dolphin Titan Int'l, Inc.,* 976 F.2d 924 (5th Cir.1992) (holding that a remand of a maritime claim for lack of removal jurisdiction may not be reviewed by appeal or otherwise).

**IT IS SO ORDERED.**

---

**3.** Even if such was the parties intention, parties cannot create federal jurisdiction by agreement.

*See, e.g., Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir.1985).