Korliss Kay HODGES, et vir,

v.

LIGGETT GROUP INC., et al.

No. Civ.A. G–99–346.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 20, 1999.

W. Mark Lanier, Lanier Parker & Sullivan, Houston, TX, for Korliss Kay Hodges, plaintiff.

Don R. Riddle, Riddle & Baumgartner, Houston, TX, for Harold Floyd Hodges, plaintiff.

Ellen Beth Malow, Kasowitz Benson Torres and Friedman, Houston, TX, for Liggett Group Inc, defendant.

Paul Edward Stallings, Vinson and Elkins, Houston, TX, for Brown & Williamson Tobacco Corporation, defendant.

Matthew D. Shaffer, Schechter and Marshall, Houston, TX, for RJR Nabisco Holdings, defendant.

Stephen E. Scheve, for Philip Morris Cos. Inc., Philip Morris Products, Inc., Loews Corp., Lorillard Inc., Lorillard Tobacco Co., defendants.

Michael Hendryx, Tucker Hendryx, Houston, TX, for H.E.B. Food Stores, Incorporated, defendant.

## ORDER OF REMAND

KENT, District Judge.

This case was originally brought by Plaintiffs Korliss Kay Hodges and her husband Harold Floyd Hodges, in the 239th Judicial District Court of Brazoria County, Texas, on May 4, 1999. Plaintiffs sue Defendants for Mrs. Hodges' emphysema and chronic obstructive pulmonary disease, allegedly caused by Mrs. Hodges' long history of smoking cigarettes manufactured and sold by Defendants. The case was removed to the Galveston Division on June 9, 1999. Now before the Court are various motions including Plaintiff's Motion for Remand, filed July 9, 1999. The Court will exercise its discretion to decide the Motion to Remand first. For the reasons set forth below, Plaintiffs' Motion is **GRANTED** and this case is hereby **REMANDED** to the 239th Judicial District Court of Brazoria County, Texas, pursuant to 28 U.S.C. § 1447(c) for **LACK OF SUBJECT MATTER JURISDICTION.** All other outstanding motions are therefore not reached.

## ANALYSIS

Defendants' first allege diversity jurisdiction as their basis for removal. The presence of H.E.B. Food Stores, a Texas Corporation, destroys diversity in this case. Defendants contend, however, that H.E.B. has been "fraudulently joined." Defendants face a heavy burden of proof. They must prove that there is *no possibility* the Plaintiffs would be able to establish a cause of action against the in-state defendant in state court. *Thomas v. Ohio Casualty Group of Ins. Cos.*, 3 F.Supp.2d 764, 766 (S.D.Tex.1998) (citations omitted). Defendants offer no persuasive factual evidence or law to meet this heavy burden,

thus the Court concludes that it **LACKS DIVERSITY JURISDICTION.**

Defendants second contention is that the case presents a federal question because some or all of Plaintiffs' claims are completely pre-empted by the Federal Cigarette Labeling and Advertising Act ("Labeling Act"), 15 U.S.C. § 1331. The Court concludes, however, that at most the Labeling Act provides a defense to some of Plaintiffs' causes of action. Since a defense "is not part of a plaintiff's properly pleaded statement of his or her claim[,] 'a case may not be removed to federal court on the basis of a federal defense, ... even if the defense is anticipated in the plaintiffs' complaint, and even if both parties admit that the defense is the only question truly at issue in the case.'" *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 118 S.Ct. 921, 925, 139 L.Ed.2d 912 (1998) (quoting *Franchise Tax Board of California v. Construction Laborers Vacation Trust of Southern California*, 463 U.S. 1, 14, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)). This is true even if the defense is one of preemption. As this Court has stated, "[i]f a federal question does not appear on the face of the complaint, a district court cannot exercise federal question jurisdiction. An allegation that the plaintiff's state-law claim is preempted by federal law is a federal defense and does not create a federal question." *Rodriguez v. Shell Oil Co.*, 818 F.Supp. 1013, 1015 (S.D.Tex.1993). Accordingly, this Court lacks **FEDERAL QUESTION JURISDICTION** in this case as no federal question appears on the face of Plaintiffs' Complaint.

This case is therefore **REMANDED** to the Court in which it was originally brought for **LACK OF SUBJECT MATTER JURISDICTION.** Furthermore, pursuant to the clear language of 28 U.S.C. § 1447(d), this Order of Remand is unreviewable, by appeal or otherwise. Even clearly erroneous decisions ordering remands on the grounds specified in § 1447(c) are not reviewable by appeal or petition. *Things Remembered, Inc. v. Pet-*

*rarca,* 516 U.S. 124, 127–28, 116 S.Ct. 494, 496–97, 133 L.Ed.2d 461 (1995); *Tramonte v. Chrysler Corp. .,* 136 F.3d 1025, 1027 (5th Cir.1998).

The parties are **ORDERED** to file nothing further on these issues in this Court. *Any* and *all* further relief shall be sought from the appropriate state court. The parties shall each bear their own costs incurred herein to *date.*

**IT IS SO ORDERED.**