[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUL 12, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11308
Non-Argument Calendar

_____

D. C. Docket No. 05-00451-CV-3-RV-MD

CARLOS D. COTTON,

Plaintiff-Appellant,

versus

RAY BURGESS,
AARON RAFFIELD,
GREG GANDY,
DEFUNIAK SPRINGS POLICE DEPARTMENT,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(July 12, 2006)

Before BIRCH, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Carlos D. Cotton, a state prisoner proceeding pro se, appeals the district court's sua sponte dismissal for lack of subject matter jurisdiction over his 42 U.S.C. § 1983 complaint against Ray Burgess, the Chief of the Defuniak Springs Police Department, Officer Aaron Raffield, and Officer Greg Gandy. We conclude that Cotton's complaint is frivolous and thereby AFFIRM the judgment of the district court.

## I. BACKGROUND

On 9 March 2003, Cotton was traveling with a passenger when Raffield and Gandy initiated a traffic stop due to his excessive speed. During the traffic stop, Cotton passed a field sobriety test, which Raffield administered. After being issued a citation for careless driving, Cotton was allowed to proceed. Shortly thereafter, Cotton was involved in an automobile accident, resulting in the death of his passenger and the driver of the other vehicle. Blood was drawn from Cotton at the scene, which revealed a .169 blood alcohol level and the presence of cocaine. Subsequently, Cotton was charged with and convicted of two counts of driving under the influence ("DUI") and manslaughter. He was sentenced to a thirteen-year term of imprisonment.

In his § 1983 complaint, Cotton alleged that Raffield and Gandy failed to carry out their duties of protecting the public and enforcing the laws when they did

not arrest him for DUI, thereby causing and contributing to the wrongful deaths of both victims and depriving him of his constitutional rights. Cotton also alleged that Burgess, whose duties as police chief included overseeing his department and training his officers, was liable for any violation, act, or omission committed by the department's officers.

The district court found that it did not have subject matter jurisdiction over Cotton's § 1983 complaint because his cause of action was so patently without merit as to justify the court's dismissal for lack of jurisdiction. The district court found that Raffield and Gandy acted appropriately and did not violate Cotton's constitutional rights by not arresting him after he passed a field sobriety test. Moreover, the district court noted that, even if the allegations against Raffield and Gandy had merit, Cotton's § 1983 claims against Burgess did not because they were improperly predicated on the theory of respondeat superior.

On appeal, Cotton argues that district court's finding that his claims were patently frivolous is erroneous, being contrary to the Constitution and clearly established federal law. He asserts that the defendants acted in a constitutionally "arbitrary" and "conscience shocking" manner by not arresting him when he was driving while intoxicated and under the influence of drugs. Appellant's Br. at 7. Cotton also argues that the district court erred in failing to determine if supervisory

3

liability was appropriate. Finally, he contends that, because he has brought suit under § 1983, the district court does have subject matter jurisdiction.

## II. DISCUSSION

"We review the district court's jurisdictional decision de novo." Barnett v. Bailey, 956 F.2d 1036, 1039 (11th Cir. 1992). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

The Supreme Court "has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1378-79 (1974) (citations and quotations omitted). Under this standard, "federal subject matter jurisdiction exists where the right of the petitioners to recover under their complaint will be sustained if the Constitution and laws of the United States are given one construction and will be defeated if they are given another." Barnett, 956 F.2d at 1041 (quotations omitted). "Dismissal for want of jurisdiction is

4

appropriate only if the federal claim is frivolous or a mere matter of form." Davis v. Cluet, Peabody & Co., 667 F.2d 1371, 1373 n.7 (11th Cir. 1982) (quotations omitted). For a § 1983 complaint to be successful, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001). "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (quotations omitted).

A review of Cotton's complaint reveals that his claims are frivolous. Cotton is attempting to hold the defendants responsible for his own criminal behavior. There is no allegation that resembles a constitutional violation. It is undisputed that, after stopping Cotton because he was driving at an excessive rate of speed, Raffield conducted a field sobriety test, which Cotton passed. Once the officers had completed their investigation and issued Cotton a citation for careless driving, there was no longer any reason, in the absence of probable cause, for them to continue detaining Cotton. Accordingly, Raffield and Gandy acted appropriately and did not violate Cotton's constitutional rights. Because Cotton's constitutional claims against Burgess are derivative of his claims against Raffield and Gandy,

5

they are also frivolous.

### III.  CONCLUSION

Cotton appeals the district court's <u>sua</u> <u>sponte</u> dismissal for lack of jurisdiction over Cotton's § 1983 cause of action.  We conclude that Cotton's claims are frivolous.  **AFFIRMED.**